## In re MERCEDES IMPORT CO.

(Circuit Court of Appeals, Second Circuit. December 15, 1908.)

### No. 85.

BANKRUPTCY (§ 217*)—ACTIONS IN STATE COURT—STAY.

In 1906 certain actions were brought against the bankrupt by attachment in New York and New Jersey, after which the parties stipulated that the actions should be discontinued and that one action should be brought in New York to cover all the claims, in which the bankrupt should give a bond conditioned to pay any judgment recovered. The new action was brought on November 7, 1906, and the bond given, after which the issues were sent to a referee, before whom they were pending when defendant was adjudged a bankrupt, on March 26, 1908, after which the bankruptcy court stayed the action until 12 months after the adjudication, or until determination of the bankrupt's discharge, if sooner made. *Held*, that the bankruptcy court was not bound to grant the stay under Bankr. Act July 1, 1898, c. 541, § 11, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), providing that a suit founded on a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of the petition against him, shall be stayed until after an adjudication or a dismissal of the petition, etc., and may be further stayed until 12 months after the adjudication; and, as the trustee in bankruptcy had no interest in the claim against the surety on the bond, the creditor's rights and equities should be disposed of by the state court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The following is the opinion of Hough, District Judge, to review which the petition was filed:

The language of section 11 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), regarding stays after adjudication is permissive, and it seems to me that this is enough to require the court to examine into the equities of any application made under this part of the section in question. The language of the bond given by the Mercedes Company to secure the claim of Smith & Mabley clearly requires the entry of a judgment against the Mercedes concern as a condition precedent to recovery against the surety. The motion, then, is made under facts entirely similar in legal effect to those appearing in Re Rosenthal (D. C.) 108 Fed. 368, Hill v. Harding, 107 U. S. 671, 2 Sup. Ct. 404, 27 L. Ed. 493, and Klipstein & Co. v. Allen-Miles Co., 136 Fed. 385, 69 C. C. A. 229. I assume, therefore, that if the Mercedes Company obtains a discharge, and if it also obtains the right to plead that discharge, there can never be a judgment against it, and consequently no judgment against the surety.

Assuming that the Mercedes Company has so conducted itself, and will hereafter so behave, as to entitle it to a discharge, and shall elect to apply for the same; is there any equitable reason why the Smith & Mabley Company should be permitted, by expediting its proceedings, to obtain now what in a few months it may not be able to procure, viz., a judgment? I perceive none of the equitable grounds reviewed and considered in Re Tiffany (D. C.) 147 Fed. 314, and cases there cited. It seems to me, also, that the view taken in Klipstein v. Allen-Miles Co., supra, of section 16 of the act, is correct, and that that section does not, and was not intended to, affect the liability of such a surety as is the one in this matter. The language of Wolf v. Stix, 99 U. S. 8, 25 L. Ed. 309, applies. The question, then, is narrowed to this: Is there any reason why a creditor, who may lose all or part of his claim against the principal debtor by the operation of a remedial statute, should be given a larger remedy against that debtor's surety? It seems to me no such reason exists. The Smith & Mabley Company voluntarily received this bond, knowing that it secured no more than the legal liability of the corporation defendant in the action at law. The bond was executed and delivered after the passage of the bankruptcy act. Plaintiffs, therefore, accepted the legal results, whatever they might be, of compliance with that act. One of those results was the possible prevention of any judgment against the defendant, and it results, therefore, that plaintiff must wait to ascertain whether its alleged principal debtor belongs to the class of bankrupts immune from judgment or liable thereto. It cannot, however, be permitted that the stay to be granted shall be used otherwise than provided by the bankruptcy act for the benefit of defendant or its surety.

Upon the filing of a stipulation by counsel of record for the Mercedes Company in the state court suit that no motion to dismiss for lack of prosecution or other steps inimical to plaintiff shall be taken pending the year from adjudication, the stay prayed for will be granted.

Kenneson, Emley & Rubino (Thaddeus D. Kenneson, of counsel), for petitioners.

Howard Taylor and John D. Fearhake, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. In the year 1906 Smith & Mabley, Incorporated, brought suits against the Mercedes Import Company, both in New York and New Jersey, taking out an attachment on property of defendant in the latter state. The parties subsequently stipulated that these actions should be discontinued and one action brought in New York to cover all claims, in which the Mercedes Company should give the Smith Company a bond conditioned for the payment of any judgment it might recover. November 7, 1906, this new action was

begun in the Supreme Court of the state of New York. On November 9th the bond was given, and subsequently the issues were sent to a referee, where they are still pending. March 26, 1908, the Mercedes Company was adjudicated a bankrupt. May 13, 1908, the district judge on the motion of the trustee in bankruptcy made an order staying the proceedings in the action pending in the state court until 12 months after the adjudication, or until the determination of the question of the bankrupt's discharge, if sooner made. This is a petition to revise that order.

The district judge was not obliged to grant the stay under section 11 of the bankruptcy act, but did so because he thought that the creditor had no better equity against the surety than he had against the bankrupt. As the trustee in bankruptcy has no interest whatever in the claim against the surety, we think the creditor's rights and equities are questions to be disposed of by the state court. Judge Addison Brown, in Re Rosenthal (D. C.) 108 Fed. 368, vacated a stay restraining the prosecution of a suit against the bankrupt in Massachusetts because under a statute of that state a special judgment might be entered against the bankrupt, so as to fulfill the condition of the bond and enable the creditor to enforce it against the surety. And in Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083, the Supreme Court held that, as the practice of the state court permitted a special judgment to be entered against the bankrupt with a perpetual stay of execution, to enable the creditor to recover against the sureties, a judgment of that court refusing leave to the bankrupt defendant to file a plea setting up his discharge should be affirmed.

We have therefore to consider what is the practice of the courts of the state of New York on the subject, because there seems to be no statute. In King v. Block Co., 125 App. Div. 922, 109 N. Y. Supp. 1151, the court refused to let the bankrupt defendant amend its answer, so as to set up its discharge and thus prevent the plaintiff from obtaining a judgment on which to enforce the liability of the surety on a bond to dissolve an attachment, and in the same case (126 App. Div. 18, 111 N. Y. Supp. 102) subsequently refused to vacate the attachment (although levied within four months of the filing of the petition) in order to give the creditor an opportunity to recover against the sureties.

We think the court in which the action is pending should be left free to take whatever steps it thinks equitable in the premises in accordance with its own practice, and the order granting the stay is therefore reversed.