## In re FEDERAL BISCUIT CO.

(Circuit Court of Appeals, Second Circuit. Feb. 10, 1913.)

No. 149.

1. BANKRUPTCY (§ 105*)—PENDING ACTIONS—STAY.

The power to stay actions pending in the state courts against a bankrupt is given only for the benefit of the bankrupt's estate, and, if the estate has no interest in the suit, it cannot properly be stayed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 156–158, 162; Dec. Dig. § 105.*]

2. BANKRUPTCY (§ 217*)—ACTIONS IN STATE COURT—ATTACHMENT—STAY.

An attachment suit having been instituted in the state court against a bankrupt within four months prior to adjudication, the attachment was discharged by a surety bond. A director of the bankrupt company to procure the bond executed an indemnity agreement with the surety company, and to secure him against loss the bankrupt conveyed as a part of the same transaction certain real property to be held in trust for him. Held that such conveyance, being in good faith, was neither fraudulent nor a preference, and hence, as the prosecution of the attachment suit would operate indirectly as an appropriation of the bankrupt's estate, the trustee was entitled to a stay.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

In the matter of bankruptcy proceedings of the Federal Biscuit Company. On petition of Edward C. Vick to revise an order enjoining the prosecution of an action supported by attachment in the state court. Affirmed in part.

The petitioner commenced an action in the Supreme Court of the State of New York against the Federal Biscuit Company upon a claim provable in bankruptcy. A warrant of attachment was issued in such action and an attachment made which was discharged by a bond or undertaking given by a bonding company. One Anger, a director of the Federal Company, entered into an indemnity agreement with the bonding company and to secure him against loss the Federal Company conveyed certain real property to be held in trust for him. Within four months after the beginning of the attachment action a petition in bankruptcy was filed against the Federal Company and it was adjudged a bankrupt.

An order was entered in the District Court which, among other things, enjoined the prosecution of the action in the state court. To revise such order the present petition was brought.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. M. Gardner, of New York City, for petitioner.

Rosenberg & Levis, of New York City (J. N. Rosenberg and W. J. Barr, both of New York City, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. [1] The bankruptcy act authorizes the District Court as a court of bankruptcy to stay suits against the bankrupt founded upon provable claims pending in state courts at the time of the bankruptcy. It also authorizes such stays in attachment actions instituted within four months of the bankruptcy, the lien of the attachment being invalidated thereby. But the power is given in both cases only for the benefit of the bankrupt estate. If the estate have no interest in the suit or action it cannot properly be stayed. As this Court said in In re Mercedes Import Co., 166 Fed. 427, 92 C. C. A. 179:

"As the trustee in bankruptcy has no interest whatever in the claim against the surety, we think the creditor's rights and equities are questions to be disposed of by the state court."

[2] In the Mercedes case the facts were somewhat similar to those appearing here. An attachment suit had been brought in a state court against a corporation which subsequently became bankrupt. A bond was substituted for the attachment. The District Court stayed the action but this Court reversed the order upon the ground indicated in the extract quoted, viz: that the bankrupt estate had no interest in preventing proceedings in the state court which looked only to enforcing the obligation of the surety company upon the attachment bond. But in the Mercedes case the attachment was made more than four months before the bankruptcy and, what is particularly important, no property of the bankrupt estate was held directly or indirectly to indemnify the surety. In the present case, on the other hand, the attachment was made within four months of bankruptcy and if Anger has a right to the property transferred for his benefit the trustee has a substantial interest in the attachment action. If the surety company is held it can look to Anger for indemnity and he may avail himself of the property of the estate. Thus if a stay be not granted a suit against a bankrupt on a provable claim brought within four months of bankruptcy may result in a depletion of the assets of the estate—a result clearly in contravention of the purpose of the bankruptcy act.

The appellant seeks to avoid the conclusion stated by urging that Anger has no right to the property held in trust for him; that the arrangement for his benefit is illegal. We think, however, that this contention is not well founded. No positive fraud is shown. There is nothing in the record to show that Anger acted in bad faith in indemnifying the surety company or participated in any scheme to give the plaintiff in the attachment suit a preference. He acted upon a present consideration. The conveyance to him was contemporaneous with his indemnity to the surety company and so far as the record shows it was neither fraudulent nor a preference. McDonald v.

Clearwater R. Co. (C. C.) 164 Fed. 1007; Young v. Upson (C. C.) 115 Fed. 192; In re Wolf (D. C.) 98 Fed. 85.

It follows, then, that as the result of the prosecution of the attachment suit will be the appropriation indirectly of property of the bankrupt estate the trustee is interested in it, and the case is distinguishable from the Mercedes case and is one in which the protection of the estate requires a stay. So much of the order, therefore, as grants a stay will be affirmed. We think this measure of relief all that is called for at the present time and sufficient to determine the rights of the parties. The other portions of the order are, however, set aside without prejudice to further proceedings if necessary. No costs are awarded in this court.