## In re ROSENSTEIN.

(Circuit Court of Appeals, Second Circuit. November 16, 1921.)

No. 38.

**Bankruptcy ☞217(3)—Order vacating stay of action in state court held proper.**

Where, in action in state court against bankrupt prior to his adjudication, his property was attached, and released on a surety company's undertaking, and, on his adjudication, the bankruptcy court made an order staying the entry of judgment in the action, such order *held* properly vacated by the bankruptcy court on a showing that the surety company had no property belonging to the bankrupt, nor collateral for the undertaking, and that the undertaking did not require the issuance of execution against the bankrupt, and that the surety company was liable on the mere entry of judgment, so that it appeared that no prejudice was created against the bankrupt's estate, nor would loss be occasioned to it if judgment were recovered against the surety company: for Bankruptcy Act, § 11 (Comp. St. § 9595), is permissive, not mandatory, and is addressed to the discretion of the trial judge.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of ·Harris Rosenstein, bankrupt. The bankrupt petitions to revise an order vacating a previous order staying an action in the state court. Order affirmed.

Isaac Steinhaus, of New York City, for petitioner.

Isidor E. Schlesinger, of New York City, for respondents.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. A voluntary petition in bankruptcy was filed by the bankrupt on December 31, 1920, and there was an adjudication in bankruptcy on the same day. The firm of Lederer & Wincorn on October 25, 1920, instituted an action in the state Supreme Court against the bankrupt for the recovery of $2,165.85, based upon a trade acceptance which was accepted by the bankrupt and was dishonored at maturity. A writ of attachment against the property of the bankrupt was issued in the state Supreme Court. On October 30, 1920, the property so attached was released upon the filing of an undertaking executed by the Maryland Surety Company wherein and whereby it undertook and covenanted to pay any judgment not exceeding $2,500, which the plaintiffs in the Supreme Court action may recover. On the day of the adjudication in bankruptcy, the District Court entered an order staying the entry of judgment in the Supreme Court action to 12 months after December 31, 1920, unless the bankrupt should previous to that time apply for a discharge, and in that event until the question of such discharge should be determined.

On the 21st of March, 1921, on an affidavit of one of the plaintiffs in the Supreme Court action, and upon notice to. the bankrupt and the attorneys for the trustee, an order was entered vacating the stay in the action in the state Supreme Court. This order vacating such stay

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

recites that the attorneys for the trustee consented in open court to the granting of the motion, but the attorneys for the bankrupt opposed it. When the bond of indemnity was issued and approved, no deposit as collateral security was made by the bankrupt, nor has any collateral been deposited with the Maryland Surety Company. The petitioner makes no claim that the Maryland Surety Company has in its possession any property belonging to the bankrupt or that it has any collateral for this undertaking. The petition for the vacation of the stay prayed that judgment might be entered to compel the payment by the Maryland Surety Company, and it is alleged that payment by it will in no wise prejudice the bankrupt or the estate of the bankrupt. It also appears that the undertaking of the Maryland Surety Company does not require the issuance of execution against the bankrupt and liability is visited upon the casualty company upon the mere entry of the judgment.

It thus appears that no prejudice is created against the bankrupt's estate, nor will loss be sustained by it, if a judgment be recovered against the Maryland Surety Company. Plaintiff, in the suit in the state court, has the right to proceed to judgment in that court, and may collect on the judgment against the surety. The question of whether a prejudice is thus created against the bankrupt's estate, or loss will be sustained by it, is a question to be determined by the bankruptcy court, and not by the state court; but the state court has full cognizance of the action to the entry of judgment against the surety company. Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620; Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403. The trustee of this bankrupt has no interest whatever in the claim against the surety company. The creditors' rights and equities are questions which should be disposed of by the state court. In re Mercedes Import Co., 166 Fed. 427, 92 C. C. A. 179.

Where the practice of the state court permitted a special judgment to be entered against the bankrupt, with a perpetual stay of execution to enable the creditor to recover against the sureties, the judgment of that court, refusing leave to the bankrupt defendant to file a plea setting up his discharge, was affirmed by the Supreme Court in Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083.

The state court has refused to let the bankrupt amend his answer, so as to set up his discharge, and thus prevent the plaintiff from obtaining a judgment on which to enforce the liability of the surety on a bond to dissolve an attachment, and also subsequently refused to vacate the attachment, although the levy was made within four months of the filing of the petition. This was done in order to give an opportunity to the creditor to recover against the sureties. King v. Block Co., 125 App. Div. 922, 109 N. Y. Supp. 1151; 126 App. Div. 48, 111 N. Y. Supp. 102, affirmed 193 N. Y. 608, 86 N. E. 1126.

Section 11 of the Bankruptcy Act (Comp. St. § 9595) is not mandatory, and does not require the District Judge to grant a stay. It is permissive only, and is therefore addressed to the wise discretion of the District Judge. It appearing that the estate of the bankrupt will not be affected, either by property being taken therefrom, or the estate

276 F.—45

enhanced by the entry of judgment in the Supreme (state) Court action, we hold the District Court properly exercised its discretion in vacating the stay.

Order affirmed.