### 13052.  McLEOD et al. v. MILLS.

1. After one has been adjudicated a bankrupt it is discretionary with the court as to whether a motion to stay a suit against him, pending his application in bankruptcy for a discharge, will be granted or not.

2. Where a landlord had sued out a distress warrant against his tenant and the tenant had arrested the proceeding by filing a counter-affidavit and an eventual condemnation-money bond, as provided by statute, and where the tenant was thereafter adjudged a bankrupt, but had not

obtained his discharge, and where the bankruptcy court had granted an order staying the application by the tenant in that court for a discharge, until the rendition of final judgment in the distress warrant proceedings, the amount of the rent which was claimed by plaintiff being in dispute, the State court did not abuse its discretion in refusing to sustain a motion by the tenant to stay the distress warrant proceedings pending therein until the tenant could obtain his discharge in the bankruptcy court.

3. The judgment rendered against the tenant in such case, however, should not be prosecuted pending the application for the discharge of the tenant, nor at all if such discharge is granted and that fact is then properly shown as against such judgment.

4. The record does not set forth the judgment, either verbatim or in substance, which was finally rendered on the distress warrant proceeding, but it will be presumed that it was framed in accordance with the principle set out in the preceding headnote.

5. The eighth and ninth grounds of the motion for a new trial are abandoned, and the other grounds show no error so harmful as to require the grant of a new trial.

6. Where the sureties on the bond which was filed with the tenant's counter-affidavit made a motion to stay the distress warrant proceedings thus converted into a suit, and thereafter, within the time allowed by law, filed exceptions pendente lite assigning error upon the judgment, dated August 17, 1921, overruling such motion to stay, but took no further proceedings except to join in the final bill of exceptions of the tenant, which was tendered by the latter on October 28, 1921, after the case had proceeded to verdict and judgment and his motion for a new trial had been overruled, but in which the sureties assigned error only upon their exceptions pendente lite, the bill of exceptions can not be considered by this court as to the sureties. In failing to assign error upon any final judgment they have presented no case therein, since the court is without any jurisdiction to pass simply upon their exceptions pendente lite. *Rutledge* v. *Gwinnett County*, 143 *Ga.* 391 (85 S. E. 121).

DECIDED SEPTEMBER 23, 1922.

Distraint; from city court of Fort Gaines — Judge Turnipseed.   October 10, 1921.

A. E. Mills, as landlord, on December 13, 1920, sued out a distress warrant against D. L. McLeod as his tenant, for rent alleged to be due in the sum of $1,150.  McLeod on the following day filed a counter-affidavit accompanied by the usual eventual condemnation-money bond.  On January 8, 1921, McLeod was adjudicated a bankrupt upon his voluntary petition, and on August 17, 1921, had filed in the bankruptcy court his application for a discharge, which was still undetermined.  On this date he and each of his sureties filed motions in the State court, alleging that the landlord's claim was one dischargeable in bankruptcy,

and praying that the distress-warrant proceedings be stayed pending the application of the tenant for such discharge. In the meantime, to wit, on June 24, 1921, the plaintiff had procured from the bankruptcy court (Hon. Beverly D. Evans, United States Judge, presiding) an order staying the tenant's application for a discharge "until final judgment of the proceedings pending in the State court." The motions to stay were overruled by the State court by a separate order upon each. Within the time allowed by law, the tenant and his two sureties each presented exceptions pendente lite to the orders of the court refusing to stay the proceedings, and these exceptions were duly certified and filed. The distress-warrant case proceeded to a verdict and judgment in favor of the landlord. The tenant filed a motion for a new trial, which was overruled on October 10, 1921. The judge trying the case certified the final bill of exceptions on October 28, 1921, in which the tenant assigned error upon his exceptions pendente lite and also upon the overruling of his motion for a new trial, and in which the sureties join as plaintiffs in error but assign error only upon their exceptions pendente lite.

*A. L. Miller, E. L. Smith,* for plaintiffs in error.

*E. R. King, Pottle & Hofmayer,* contra.

BELL, J. (After stating the foregoing facts.)

1-3. The principles of law announced in the first, second, and third headnotes are supported by the following authorities: 1 Collier on Bankruptcy (10th ed.), 285-300; Rosenthal *v.* Nove, 175 Mass. 559 (56 N. E. 884, 78 Am. St. R. 512); Rogers *v.* Abbot, 206 Mass. 270, 274 (92 S. E. 472, 138 Am. St. Rep. 394); In re Buchanan, 219 Fed. 492. In the case last cited it is said: "It was not improper for the bankruptcy court to allow the suits to be prosecuted to judgment, as this would be a convenient way of liquidating the claims of the creditors, the amount of which was disputed; but a prosecution thereof beyond judgment should not be permitted." See also Vadner *v.* Vadner, 259 Fed. 614, 635 (21-28).

The debt claimed by the plaintiff against the tenant we think is dischargeable in bankruptcy under the ruling in the *Rountree* cases, 65 *Ga.* 444, and 68 *Ga.* 725, but it was not mandatory upon this account to grant a stay, under the authorities first above cited.

4.  The record does not contain any transcript of the judgment which was rendered upon the verdict, but it is elementary that we should presume that the judgment was rendered in such form as it ought to have been, and that it was therefore framed in accordance with the principles hereinbefore announced.

5.  The first ground of the amendment to the motion for a new trial complains of the charge of the court upon the subject of the credibility of the witnesses, but we can not hold that there was any harmful error, even if error at all, in the charge as given; and none of the other grounds of the motion for a new trial which are insisted upon disclose any reversible error.

6.  Our decision as set forth in the foregoing opinion and as announced in headnotes 1 to 5, inclusive, must be held to apply only to the case of the tenant, D. L. McLeod, inasmuch as the sureties have presented no point in such a way as to provide this court with any jurisdiction in so far as they are concerned.  The sixth headnote requires no elaboration.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*