### BROWN v. FOUR-IN-ONE COAL CO.*

(Circuit Court of Appeals, Sixth Circuit. February 12, 1923.)

No. 3751.

**1. Bankruptcy ⬦414(1)—Presumed person signing application for discharge had authority.**

A bankrupt corporation's application for discharge being clearly for its benefit, it may be presumed, in the absence of evidence to the contrary, that one signing the application, as acting vice president, had original authority to sign it or that his action in that behalf was subsequently approved and ratified.

**2. Bankruptcy ⬦414(3)—Recitals in referee's order not evidence on application for discharge.**

On a bankrupt corporation's application for discharge, recitals in an order of the referee that the person signing the application as acting vice president, on examination by the referee, stated he had no other qualifications than his nomination as vice president, were not evidence, much less conclusive evidence, against the bankrupt.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 43 Sup. Ct. 524, 67 L. Ed. ——.

**8. Bankruptcy $\Longleftrightarrow$195—Provision relating to attachments inapplicable where attachment discharged by giving bond.**

Where property attached within four months before bankruptcy was discharged and released on bonds given under Civ. Code Prac. Ky. §§ 214, 221, the provision of the Bankruptcy Act (Comp. St. §§ 9585–9656) in relation to attachments levied within four months had no application.

**4. Bankruptcy $\Longleftrightarrow$391(1)—Attaching creditor entitled to fix liability of sureties by judgment.**

Where property of the bankrupt, attached in the state courts, had been released on bonds, such bonds were no part of the bankrupt's estate, but the attaching creditor should be permitted, without interference by the bankruptcy court, to litigate the action in the state courts to determine the liability of the sureties, though under Bankrupcy Act, § 16 (Comp. St. § 9600), no execution could issue against the bankrupt upon any judgment so recovered.

**5. Bankruptcy $\Longleftrightarrow$416—Discharge should be postponed to enable attaching creditor to recover judgment to fix sureties' liability.**

Where, on application for discharge in bankruptcy, it appears that action is pending against the bankrupt in which bonds have been given to discharge an attachment, the court should postpone the discharge to afford the creditor an opportunity to proceed to final judgment, and, on the entry of judgment, or on the expiration of a reasonable time, should grant an unconditional discharge with a perpetual stay of execution against any judgment recovered against the bankrupt.

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Bankruptcy proceeding, in which the Four-In-One Coal Company filed an application for discharge, opposed by Eli H. Brown, Jr. From a judgment granting an unconditional discharge, Brown appeals. Reversed and remanded.

Shackelford Miller, of Louisville, Ky., for appellant.

Emile Steinfeld, of Louisville, Ky. (Morris B. Gifford and Isaac L. Steinfeld, all of Louisville, Ky., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On September 9, 1921, Eli H. Brown, Jr., brought an action in the Jefferson circuit court of Kentucky against the Four-In-One Coal Company to recover a balance due upon a promissory note. An attachment was issued and served on the Liberty Insurance Bank as garnishee. Thereupon the coal company for the purpose of releasing this attachment gave two bonds with sureties as provided in sections 214 and 221 of the Kentucky Civil Code of Practice. The bond given under section 214 is what is known as the forthcoming bond. The bond given under section 221 is a bond to perform the judgment of the court.

On December 29, 1921, less than four months after the service of the attachment and garnishee process, a petition in involuntary bankruptcy was filed against the coal company, and on January 16, 1922, that company was adjudged bankrupt and the matter referred to a referee in bankruptcy. On May 25, 1922, what purports to be a petition by the coal company for a discharge was filed in the bankruptcy court, signed

"Four-In-One Coal Company, per Fred A. Zeigler, Acting Vice President, Bankrupt." The District Court entered an order staying further proceedings in the case in the Jefferson circuit state court until after the application for a discharge should be determined. To this application Brown filed written objections thereto, averring the bringing of the suit in attachment in the state court, the issuing and service of the attachment and garnishee process in that action, and the execution of the bonds for the release of the property attached; the necessity of obtaining a judgment in the state court before action could be brought on either of these bonds; and further averring that no action had ever been taken by the Four-In-One Coal Company, its directors or stockholders, seeking a discharge in bankruptcy or authorizing any person to seek or petition for such discharge; that Fred A. Zeigler, who signed the petition for a discharge of the bankrupt, was not the vice president or any other officer of the Four-In-One Coal Company and had no power or authority to sign the application for a discharge, and praying that a discharge in bankruptcy be denied the bankrupt or at least withheld and stayed as against Brown until his action in the state court proceeded to final judgment. The District Court refused to set aside the stay of proceedings in the attachment action in the state court or withhold action on the application for a discharge or to reserve to Brown the right to proceed to judgment in the action in the state court against the company with a perpetual stay of execution against the bankrupt, but, on the contrary, entered an unconditional discharge in bankruptcy.

[1, 2] The application for discharge in bankruptcy was clearly for the benefit of the bankrupt corporation. In the absence of evidence to the contrary, the presumption would naturally obtain that this was a corporate action and that Zeigler either had original authority to sign this application or that his action in that behalf was subsequently approved and ratified by the corporation. Brown offered no evidence tending to prove that this application was not authorized by the corporation or that Zeigler had no authority to sign the application. It is true that it is recited in an order made by the referee that when Zeigler was examined by him he stated he was nominated as vice president of the company, that his qualifications ended with said nomination. Even if it appeared that the recitals contained in that order of the referee were called to the attention of the court they were not evidence, much less conclusive evidence, against the bankrupt.

[3] It does, however, fully appear from this record that the property attached was discharged from the attachment and released to the bankrupt so that at the time the petition in involuntary bankruptcy was filed Brown had no lien upon any of the bankrupt's property that would pass to the trustee in bankruptcy for the benefit of general creditors. The provision therefore of the Bankruptcy Act (Comp. St. §§ 9585–9656) in relation to attachments levied within four months prior to the filing of a petition in bankruptcy have no application whatever to this case.

[4, 5] The bonds given in the attachment suit in the state court became no part or parcel of the bankrupt's estate, but they did advantage

that estate by releasing the attached property from the lien of the attachment and afforded to Brown surety for the payment of his debt when reduced to judgment in that action. By reason of the fact that these bonds were no part of the bankrupt's estate, neither the other creditors nor the trustee in bankruptcy for the benefit of creditors could be subrogated to the rights of Brown to recover against the sureties upon this bond, and neither the bankrupt nor the trustee in bankruptcy should be heard to dispute Brown's right to fix, by a judgment in the state court, the liability of the sureties on these bonds, for neither is interested therein nor prejudiced thereby. In re Mercedes Import Co., 166 Fed. 427, 92 C. C. A. 179; In re Rosenstein (C. C. A.) 276 Fed. 704.

It is wholly unnecessary for the District Court or for this court to determine what relief, if any, the state court may afford Brown. It is sufficient to say that he has substantial rights against the sureties not affected by the bankruptcy proceedings, that he should be permitted to litigate to final judgment in the attachment suit in the state court, but, of course, can have no execution issued against the bankrupt upon any judgment he may recover therein. Section 16, Bankruptcy Act; Coal Co. v. Antezak, 164 Mich. 110, 128 N. W. 774, 130 N. W. 305, Ann. Cas. 1912B, 778.

Under the facts and circumstances of this case the District Court should have set aside its orders staying proceedings in the state court and postponed the discharge of the bankrupt for a reasonable time (within its discretion and retaining its control) to afford Brown an opportunity to proceed in his action in the state court of Kentucky to final judgment, granting or refusing the prayer of his petition. The question, however, of Brown's right to relief, if any, in the state court is a question solely for the determination of that court unembarrassed by any order of the bankruptcy court staying proceedings in that action or by a discharge in bankruptcy and, upon this question, this court intimates no opinion whatever. Upon the entering of a final judgment in the state court or upon the expiration of a reasonable time within the discretion and control of the bankruptcy court for obtaining such final judgment, an unconditional discharge in bankruptcy may be entered, and if at that time a personal judgment against the Four-In-One Coal Company in favor of Brown has been entered in the state court, a perpetual stay of execution upon that judgment as against the bankrupt should be allowed. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; In re J. L. Philips & Co. (D. C.) 224 Fed. 628.

For the reasons stated, the judgment of the District Court is reversed, and this cause remanded for further proceedings in accordance with this opinion.