### In re GERSTENZANG.

District Court, S. D. New York.
Aug. 4, 1931.

Joseph Gans, of New York City, for petitioner.

David Steckler, of New York City, for bankrupt.

Nathaniel J. Palzer, for Irving Trust Company, trustee.

PATTERSON, District Judge.

Louis Gerstenzang and Abraham Gerstenzang, brothers, were formerly partners in the artificial flower business. Dissensions arose and Abraham pulled out. Louis brought suit in the New York Supreme Court, asking that the partnership be declared dissolved, that an accounting be had, and that the amount due him by reason of alleged withdrawals on the part of Abraham be determined. An interlocutory judgment was entered, granting this relief and sending the matter of the account and withdrawals to a referee. After a number of hearings, the referee reported on July 3, 1931, that the defendant was indebted to the plaintiff in the sum of $89,672.83. The defendant, having filed a voluntary petition in bankruptcy a few days before the filing of the report and having been adjudicated bankrupt, obtained on July 6th an ex parte stay against further proceedings in the state court suit. The present motion is by the plaintiff to vacate the stay to the extent that he be permitted to move for final judgment confirming the referee's report. It further appears that in the suit the defendant had obtained an injunction (the nature of which is not shown), and in connection therewith had furnished an undertaking by a surety company.

I am of opinion that the stay should be modified so as to permit the plaintiff to move for final judgment on the report and thereafter to take any proper action against the surety company on the undertaking. Section 11 of the Bankruptcy Act (11 USCA § 29) makes mandatory a stay of suits on dischargeable claims until after adjudication or dismissal of the petition, but it is well understood that a stay of such suits after adjudication is discretionary. New River Coal Land Co. v. Ruffner (C. C. A.) 165 F. 881; In re Rosenstein (C. C. A.) 276 F. 704. In the ordinary case, such suits are stayed on motion of the bankrupt; it is generally fairer to make the plaintiff prove his claim along with other creditors in the bankruptcy court.

In the present case, however, a great deal has been done in the state court toward settling the rights of these parties in the partnership matter and toward liquidating the plaintiff's claim. After several hearings stretching out over many months, the referee has reported. All this work will be lost if the plaintiff is stayed and is required to travel again the same route in the bankruptcy court. To permit the plaintiff to apply now for final judgment may be a convenient way of liquidating his claim. In re Buchanan (C. C. A.) 219 F. 492; In re Seattle North Pacific Shipbuilding Co. (D. C.) 296 F. 925. Another reason for modifying the stay in this case is that the plaintiff may have rights against the surety company on the undertaking which was filed. If it appeared that the bankrupt had deposited collateral with the surety company within four months from filing the petition, the situation might be different; but no such showing is made. Where a creditor's rights against a surety are contingent upon recovery of judgment against the bankrupt, permission to prosecute suit in the state courts to this extent is frequently given. In re Ennis & Stoppani (D. C.) 171 F. 755; In re Rosenstein, supra.

But a controlling circumstance in this case lies in the nature of the suit in the New York Supreme Court. The suit is to wind up the affairs of a partnership. No bankruptcy proceedings are pending against the partnership or against the plaintiff. Section 5h of the act (11 USCA § 23(h)) provides: "In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

It is thus clear that the jurisdiction of the state court to determine the rights of these former partners is not diminished by the subsequent bankruptcy of the defendant. Marnet Oil & Gas Co. v. Staley (C. C. A.) 218 F. 45. If the trustee in bankruptcy is of opinion that the rights of the estate will be prejudiced by the entry of final judgment upon the referee's report, he may intervene in the suit and be heard as to the correctness of the report.

The motion to modify the stay so as to allow the plaintiff to move for final judgment, and thereafter to do whatever may be necessary to perfect any rights he may have under the undertaking, will be granted. The

claim against the defendant being a dischargeable one, he cannot of course take any steps toward collecting any judgment from the bankrupt until the question of discharge is passed upon. The order may be settled on one day's notice.