642

## In re LOCKER.

District Court, S. D. New York.
Nov. 25, 1939.

Nathan Gross, of New York City, for bankrupt.

Arthur N. Seiff, of New York City, for Lucille Ferreira.

CONGER, District Judge.

This is a motion to vacate an ex parte stay of a suit brought in the Municipal Court against the bankrupt and one Julius Locker to recover damages for personal injuries sustained as the result of the allegedly negligent operation of an automobile owned by the bankrupt and operated by Julius Locker. Undoubtedly under Section 63, sub. a(7), of the Bankruptcy Act, 11 U.S.C.A. § 103, sub. a(7), a discharge in bankruptcy will be a bar to the collection of any judgment that might be recovered in the State Court action.

It is clear that under Section 11 of the Bankruptcy Act, 11 U.S.C.A. § 29, after there has been an adjudication of bankruptcy, as in this case, this Court may exercise its discretion with respect to granting or refusing stays upon claims from which bankruptcy would be a discharge. See In re Lesser, D.C., 100 F. 433; In re Mercedes Import Co., 2 Cir., 166 F. 427; McLeod v. Mills, 29 Ga.App. 87, 113 S.E. 699, 49 A.B. R. 55.

In the present instance it is stated that if the State Court action is allowed to proceed to judgment, this will permit the operation of Section 94-b of the Vehicle and Traffic Law of the State of New York, which provides for the suspension of an operator's license until a judgment against the operator "is satisfied or discharged except by a discharge in bankruptcy." Through this Statute, the State of New York has enunciated its policy with respect to the financial responsibility of those whom it permits to operate motor vehicles upon its highways (see Munz v. Harnett, D.C., 6 F.Supp. 158), and, in my judgment, the discretion of this Court should be exercised with the idea of making that policy effective.

The motion is granted. Settle order on notice.