GRAND UNION EQUIPMENT CO., Inc.
v. LIPPNER.

No. 246, Docket 20952.

Circuit Court of Appeals, Second Circuit.

May 7, 1948.

Solomon M. Cheser, of New York City (Tell, Cheser, Werner & Breitbart and Benjamin L. Tell, all of New York City, on the brief), for debtor-appellant.

George I. Janow, of New York City, for creditor-appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This appeal raises the question of the power of a bankruptcy court to modify a final injunction prohibiting actions against a debtor in arrangement proceedings some thirteen months after entry of the decree. The debtor, Frank Lippner, was a motor common carrier of freight who petitioned for relief under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., July 13, 1946. His amended plan of arrangement was confirmed on October 10, 1946, the decree containing both a provision for the discharge of the debtor from his debts and the injunction in question, enjoining all creditors and claimants from pursuing any suits, actions, or other proceedings against the debtor. The creditor herein made claim on July 25, 1946, for loss of two shipments of merchandise occurring in August and November, 1944, of the aggregate value of $6,985.85. Debtor's attorney notified the creditor of the pendency of the arrangement proceedings, but the latter took no steps to present or preserve its claims therein. It did, however, negotiate for a settlement with debtor's insurer; and when these negotiations failed, it brought suit against the debtor in the Supreme Court of the State of New York on September 12, 1947. Being met there with the defense of the discharge and the injunction of the confirmation order, the creditor on November 6, 1947, moved for a modification of the injunction decree, which the court granted on December 8, 1947.

In its motion the creditor asked only for the right to reduce its claims to judgment so as to enable it to maintain an action on a policy of insurance issued to the debtor. A supporting affidavit set forth the protracted negotiations with the debtor's insurer and stated that the creditor sought modification of the injunction only to secure the judgment required by the endorsement on the insurance policy under N. Y. Insurance Law, Consol.Laws, c. 28, § 167. This statute enables a judgment creditor of the insured to sue the insurer directly when the judgment has remained unsatisfied for thirty days after notice and provides that the insolvency or bankruptcy of the insured shall not release the insurer from the liability to the judgment creditor. The order of modification is strictly limited to the prosecution of an action in the Supreme Court of the State of New York for the express purpose stated, and it provides further that "no execution shall be issued against the property or assets of said Debtor, nor shall any steps be taken to satisfy such judgment from the assets or property of the Debtor, and the Grand Union Equipment Co., Inc., shall be limited solely [to?] maintaining the prosecution of an action on any policy of insurance issued to the Debtor," and in force on the dates of the losses in 1944.

On this appeal the debtor relies on the same grounds urged in his affidavits below, namely, lack of power or in any event impropriety of the exercise of power to modify the decree. The latter objection we may dispose of shortly. Assuming the existence of power, we should review only its discretionary exercise for abuse of discretion. Mohonk Realty Corp. v. Wise Shoe Stores, 2 Cir., 111 F.2d 287, certiorari denied 311 U.S. 654, 61 S.Ct. 47, 85 L.Ed. 418; Baylor v. 1775 Broadway Corp., 2 Cir., 146 F.2d 487. Not only was this not shown, but the action taken seems wise and reasonable. It is suggested that the insurer has other defenses; if so, of course it can

assert them in due course and, indeed, will not need this technical one arising by the chance form of the confirmation order read in the light of the New York statute. There are numerous precedents for authority to continue suits not affecting the estate in bankruptcy, but establishing other liabilities. Hill v. Harding, 130 U.S. 699, 9 S.Ct. 725, 32 L.Ed. 1083; In re Mercedes Import Co., 2 Cir., 166 F. 427; In re Federal Biscuit Co., 2 Cir., 203 F. 37, 38; In re Rosenthal, D.C., S.D.N.Y., 108 F. 368 (per Judge Addison Brown); In re Locker, D.C., S.D. N.Y., 30 F.Supp. 642. Further, as we have had occasion to emphasize recently, the effect of a bankruptcy discharge is generally to be determined in the action where it is set up as a bar and jurisdiction to stay a creditor's action after discharge is to be exercised at most only narrowly "under unusual circumstances" or "where special embarrassment arises." Milando v. Perrone, 2 Cir., 157 F.2d 1002, 1004; Ciavarella v. Salituri, 2 Cir., 153 F.2d 343, 344.

True, the debtor asserts that he is being, or likely to be, substantially harmed; indeed, he says that the action is actually being pressed by the creditor's insurer as subrogee of the claims and that he is only an innocent third party prejudiced by litigation between two insurance companies. But there is nothing improper in that of itself. As to the chance of harm, he says that he is again in business and that a judgment against him will be a lien against his real estate and a "coup de grace to any application for credit" he may make. Such vague and general fears seem to us without realistic basis in the actual situation. Any potential creditor so appropriately sensitive to the debtor's financial condition as is assumed would surely know also (or should know, since the information is so readily ascertainable) the debtor's full history, including his prior insolvency and the arrangement proceedings down to the present strictly limited modification of the original decree. If this is so, the possibilities of harm from this modification are nonexistent. Moreover, the district court disclosed its intent to facilitate merely action against the insurer under the state statute; if the debtor finds that he needs other protection, not inconsistent with the fulfillment of this purpose, there is nothing to prevent his seeking it from the court. The debtor also asserts laches on the part of the creditor in seeking the relief, but that is explained by the abortive negotiations with the insurer and there is also nothing to indicate that he has suffered harm therefrom.

■ The question of power of the court to act rests primarily upon the contention that involved is a final judgment not subject to change at the date the modifying order was entered. In answer we might point simply to the prospective operation of an injunction and the continuing power of an equity court to change it when its enforcement in original form becomes inequitable. "Familiar equity procedure assures opportunity for modifying or vacating an injunction when its continuance is no longer warranted." Milk Wagon Drivers Union of Chicago, Local 753 v. Meadowmoor Dairies, 312 U.S. 287, 298, 61 S. Ct. 552, 557, 85 L.Ed. 836, 132 A.L.R. 1200. See also United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 460, 76 L.Ed. 999; Ladner v. Siegel, 298 Pa. 487, 148 A. 699, 68 A.L.R. 1172, with annotation at 1180; Santa Rita Oil & Gas Co. v. State Board of Equalization, 112 Mont. 359, 116 P.2d 1012, 136 A.L.R. 757, with annotation at 765. The original order was of course made without any foreknowledge or presentiment of the later developments now disclosed, including the facts that claims would be presented to this insurer and would be resisted on grounds based in part upon it. But in our view the modifying order may be justified on yet broader grounds of general bankruptcy powers.

■ The debtor's particular reliance is upon the statute, 11 U.S.C.A. § 786, and the rule, Federal Rules of Civil Procedure, rule 60(b), 28 U.S.C.A. following section 723c, which have the effect in his view of limiting relief from a judgment such as the confirmation order to six months from its entry. The statute cited, which provides for setting aside or modifying an arrangement for fraud within the time stated, is obviously inapplicable, as it deals with a situation not analogous and provides for a relief neither suggested nor granted. Ap-

plicability of the rule in either its original or its recently amended form presents, however, a more interesting question.

Several cases have cited the former rule 60(b) as either fully or partially applicable in bankruptcy. These cases are cited and authoritatively discussed by Messrs. Moore and Oglebay, who point out that usually the suggestion was not necessary or decisive to the decision and who find some inconsistency in its application in bankruptcy proceedings so as to suggest its inapplicability under General Order 37, 11 U.S.C.A. following section 53. See full discussion in their 1946 Cum.Supp., at pages 33, 34, 51, 52, to 1 Collier on Bankruptcy, 14th Ed. 1940, ¶¶ 2.12, 2.49, also 6 id., 14th Ed. 1947, ¶11.21, p. 3934; Oglebay, Some Developments in Bankruptcy Law, 20 J.N.A.Ref.Bankr. 76, 80-82. It must be conceded that, as now appears, its scope in bankruptcy is at most limited. For it is now settled that it is applicable only to final orders. Indemnity Ins. Co. of North America v. Reisley, 2 Cir., 153 F.2d 296, certiorari denied 328 U.S. 857, 66 S.Ct. 1349, 90 L.Ed. 1629; rule 60(b), F.R.C.P., as amended, with Committee Note thereto in Report of June, 1946, H.R. Doc. No. 473, 80th Cong., 1st Sess., 127. And the situation as to final orders is pretty thoroughly covered by the power granted, without qualification, to "reopen estates for cause shown." Sec. 2, sub. a(8), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(8). This power is exercised in the discretion of the court for cause shown unless rights of third persons have intervened which would render such a course inequitable. Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; Curtis v. O'Leary, 8 Cir., 131 F.2d 240, 245; Standard Steel Works v. American Pipe & Steel Corp., 9 Cir., 111 F.2d 1000; Mohawk Realty Corp. v. Wise Shoe Stores, supra;

cf. Duebler v. Sherneth Corp., 2 Cir., 160 F.2d 472. The expiration of an extended period of time will not prevent a reopening for justifiable reasons. Tuffy v. Nichols, 2 Cir., 120 F.2d 906, certiorari denied Nichols v. Tuffy, 314 U.S. 660, 62 S.Ct. 113, 86 L.Ed. 528; Gerber v. Fruchter, 2 Cir., 147 F.2d 120; Traub v. Marshall Field & Co., 5 Cir., 182 F. 622; Milando v. Perrone, supra, 2 Cir., 157 F.2d 1002, 1003. Hence control of a bankruptcy court over its orders has been upheld generally without reference to this rule. See Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146; Bowman v. Loperena, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177; Wayne United Gas Co. v. Owens-Illinois Glass Co., supra; In re Barnett, 2 Cir., 124 F.2d 1005, 1012, and cases cited by Moore and Oglebay, supra. These authorities are controlling here and we need not consider the possible applicability of the rule in other cases, such as those dealing with orders affecting third parties, or perhaps denying discharge. Cf. Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 127 F.2d 716, 718, 719; In re Lowerree, 2 Cir., 157 F.2d 831, 834.

Moreover, it should be added that the now expanded and clarified F.R. 60(b)—applicable by new F.R. 86(b) to pending proceedings except where not feasible or working injustice—contains provisions not subject to time limit sufficiently broad to cover the present situation in any event, viz., "(5) * * * it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." For the basis in the prior precedents of these provisions, see Moore and Rogers, Federal Relief from Civil Judgments, 55 Yale L.J. 623, 643, 661, 664–668, 685, 692; compare Committee Note cited supra, at 124–128.

Order affirmed.