**BUTLER v. GREATER PYTHIAN TEMPLE ASS'N OF NEW YORK, Mississippi Valley Trust Company or its Successor, Mercantile Trust Company, and Roy A. Dickie, Respondents-Appellees.**

No. 251, Docket 22653.

United States Court of Appeals
Second Circuit.

Argued May 12, 1953.

Decided June 17, 1953.

Isaac Anolic, New York City, for appellant.

Nathan Ende, New York City, for appellee Greater Pythian Temple Ass'n of New York; Landsman & Levin, New York City, of counsel.

Lehmann & Allen, St. Louis, Mo., for appellee Roy A. Dickie; Landsman & Levin, New York City, of counsel.

Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., and Landsman & Levin, New York City, for appellee Mercantile Trust Co.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

PER CURIAM.

On June 22, 1936 Greater Pythian Temple Association of New York filed its petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. A plan of reorganization was thereafter confirmed and, after consummation of the plan, a final order terminating the proceedings was entered September 6, 1940. In the summer of 1952 the present appellant, who holds a small amount of the real estate mortgage bonds issued by the debtor pursuant to the plan of reorganization, moved for reopening of the proceedings and, in a companion petition, asked the court to amend the plan of reorganization so as to provide for annual elections by the mortgage bondholders of two members of the board of directors which supervises the management of the debtor's property; and asked also for removal of the corporate trustee named in the real estate mortgage, and for a direction to the trustee to supply the petitioner with a complete list of the bondholders. The district court, assuming arguendo that it had jurisdiction, denied both petitions on the ground that no sufficient reason was shown to move the court to exercise discretion in favor of the petitioner.

■ So far as the petitioner sought removal of the corporate trustee for neglect of duty, and a mandatory direction that he supply a list of bondholders, the relief demanded was not within the bankruptcy court's jurisdiction.[1] The right, if any, to such relief must be enforced in a different forum.

■ So far as the petition sought to modify the plan so as to provide a different method of selecting the supervising board of directors, the question of jurisdiction is perhaps more doubtful.[2] In Knight v. Wertheim & Co., 2 Cir., 158 F.2d 838, 843 and Prudence Bonds Corp. v. City Bank Farmers Trust Co., 2 Cir., 186 F.2d 525, 527 we clearly intimated that entry of the final order under § 228, 11 U.S.C.A. § 628, gives the creditors indefeasible title to the new securities and puts an end to the court's power to change the plan. The appellant argues that even the final order closing the estate "may be reconsidered under section 2, sub. a(8), 11 U.S.C.A. § 11, sub. a(8)" which confers jurisdiction to "reopen estates for cause shown".[3] Assuming arguendo that the bankruptcy court does have discretionary power for adequate cause to reopen the estate and, after reopening, to amend a completely consummated plan which contained no reservation of power to amend or alter, it is obviously a power to be exercised with extreme caution. We are satisfied that Judge Clancy did not err in refusing to exercise it in the case at bar. The appellant's petition alleged that vacancies have occurred in the board of directors.

1. In Bakers Share Corporation v. London Terrace, 2 Cir., 130 F.2d 157 at page 159, we said that, even before a final order terminated the proceedings, the bankruptcy judge "would have no power to adjudge the rights and liabilities of the corporation arising from transactions with third persons; equally he has none to adjudge even the mutual rights and liabilities of the parties themselves, so far as those depend, not upon the contents of the 'plan,' but upon subsequent transactions between themselves, or upon modifications imposed by later changes in the law." In accord is In re Flatbush Ave.-Nevins St. Corporation, 2 Cir., 133 F.2d 760, 762. Cf. Shores v. Hendy Realization Co., 9 Cir., 133 F.2d 738.

2. The plan of reorganization provided that so long as any of the bonds issued pursuant to the plan remain outstanding, supervision of the mortgaged property shall be vested in a board of three members, two selected by the "Noteholders' Protective Committee" and one selected by the debtor.

3. See Mohonk Realty Corp. v. Wise Shoe Stores, 2 Cir., 111 F.2d 287; Grand Union Equipment Co. v. Lippner, 2 Cir., 167 F.2d 958; Conway v. Union Bank of Switzerland, 2 Cir., 204 F.2d 603.

because the "Protective Committee" has ceased to exist or if still in existence its members have not met as a Committee since July 1942. The answering affidavit of Roy A. Dickie, dated October 11, 1952, avers that the Committee is in existence and has been functioning since its organization in 1933; he names its five members. The power given them by the plan to select two directors still continues. If derelict in their duty they may no doubt be compelled to perform it, but there is no reason why the bankruptcy court should be called upon to enforce it. The basic theory of reorganization proceedings is that the debtor or its successor corporation, if there be one, has been rehabilitated by the plan so that it can carry on its business. The corollary of this is that it and its creditors should work out their mutual rights and duties in the ordinary tribunals and should not forever continue under tutelage of the bankruptcy court.

The orders on appeal are affirmed.

Frank, Circuit Judge, dissented.