## In the Matter of Gilmore PERRY, Debtor.
### No. 71–BK–180–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Dec. 22, 1971.

Dale Myers, Roanoke, Va., for Roanoke Industrial Loan and Thrift Corp.

F. P. Pulley, III, Roanoke, Va., for Gilmore Perry.

H. Clyde Pearson, Roanoke, Va., Referee in Bankruptcy.

## OPINION and JUDGMENT

DALTON, District Judge.

A petition for review has been filed with this court by Roanoke Industrial Loan and Thrift Corporation (hereinafter referred to as Roanoke Industrial) claiming that the Referee in Bankruptcy abused his discretion by not allowing a rehearing on the merits of its claim against Gilmore Perry.

The creditor, Roanoke Industrial, and the debtor, Gilmore Perry, were involved in proceedings in the bankruptcy court under the Wage Earner Plan of the Bankruptcy Act. Roanoke Industrial had filed its proof of claim in those proceedings, and the Referee had ordered a hearing for June 1, 1971 on the debtor's petition to disallow Roanoke Industrial's claim. At that hearing, the debtor was present but Roanoke Industrial failed to appear. Upon evidence presented by the debtor, the Referee found that Roanoke Industrial had failed to comply with the contract and the Code of Virginia in repossessing and disposing of the debtor's automobile. In light of this finding, the Referee, by order dated June 1, 1971, denied Roanoke Industrial's claim in full.

Upon receiving notice of this denial, Roanoke Industrial petitioned the Referee for a rehearing claiming that it had

inadvertently failed to attend the hearing of June 1, 1971. In its petition, Roanoke Industrial alleged that it had complied with the law of Virginia in repossessing and disposing of the debtor's automobile. Attached to that petition were exhibits which Roanoke Industrial asserted would prove that it had complied with the law in that respect.

Thereafter, the Referee held a hearing on the creditor's petition on July 14, 1971 at which time Mr. Crowder of Roanoke Industrial, its attorney, and the debtor were present. The record reveals that Mr. Crowder testified that he had not appeared at the first hearing because the Virginia Banking Commission was conducting an audit of Roanoke Industrial's books. Counsel for Roanoke Industrial also presented receipts of notice of sale which had been mailed to the debtor. Mr. Perry testified that he had never received such notice.

On July 26, 1971, the Referee entered an order denying the creditor's request for a rehearing. In that order, the Referee stated that notice of the hearing scheduled for June 1, 1971 had been sent to Roanoke Industrial on May 21, 1971. The referee found that this notice had been received by Roanoke Industrial, that it had been set aside in their office, that the matter was not referred to an attorney, and that no further attention was given to it. In essence, the Referee found that Roanoke Industrial's neglect was inexcusable, and weighing the inconvenience and expense which would fall upon the debtor if a new hearing was ordered, the Referee denied the creditor's request.

It is the opinion of this court that the Referee did not abuse his discretion in denying the rehearing. Control of a bankruptcy court over its orders is generally upheld without reference to Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which authorizes relief for mistake, inadvertence, surprise, or excusable neglect. Grand Union Equipment Co. v. Lippner, 167 F.2d 958, 961 (2nd Cir. 1948). However, when a final order is involved, Rule 60(b) has been held applicable. Grand Union Equipment Co., supra. Examination of the cases involving Rule 60(b) reveals that there must be some justification for the party's oversight, inadvertence, or neglect. 3 Barron & Holtzoff, Federal Practice and Procedure § 1325 (Rules ed. 1958). Also the circumstances surrounding the party's inaction must be considered.

Because of the many commercial transactions in which Roanoke Industrial is involved, its employees should have been aware of the fact that this matter should not have been left unattended. If for some reason it could not appear on that date, Roanoke Industrial should have at least notified the Referee that it desired a continuance. Instead it took no action, and this court agrees with the Referee that its neglect was neglect on its part. State Central Savings Bank v. Hemmy, 77 F.2d 458, 459 (8th Cir. 1935). This court also feels that it was proper for the Referee to consider the added inconvenience and expense which a rehearing would cause the debtor, and that the Referee did not abuse his discretion.

For the reasons herein given, Roanoke Industrial's request for relief is denied.