## In re BIEBER.

(District Court, N. D. Iowa, E. D.   September 27, 1922.)

### No. 1162.

Bankruptcy ⬦149—Adjudication of one partner does not carry partnership assets.

Under Bankruptcy Act, § 5h (Comp. St. § 9589, subd. h), bankruptcy of one partner does not authorize the bankruptcy court to interfere with the administration of partnership assets by the receiver of a state court in proceedings begun before the bankruptcy.

In Bankruptcy. In the matter of Edward Bieber, individually and as a member of the firm of Heitman & Bieber, bankrupt. On application for instructions to referee and trustee.

Stilwell & Stilwell, of Waukon, Iowa, for Edward Bieber.
Guy W. Eaton, of Waukon, Iowa, for trustee.

SCOTT, District Judge. The above-entitled matter is this 27th day of September, 1922, presented to the court upon a certified statement of facts by John G. Chalmers, referee in bankruptcy, for the Northern district of Iowa, Eastern division, with request for instructions to the referee and trustee in bankruptcy.

From the certified statement of facts it appears: That prior to October 29, 1920, E. L. Heitman and Edward Bieber were copartners under the firm name of Heitman & Bieber, engaged in the business of selling automobile accessories and repairing automobiles. That on the 29th day of October, 1920, said partners entered into an agreement for the dissolution of the partnership, Bieber to take over the partnership assets in business on a basis of value indicated by certain invoice heretofore made, Bieber to dispose of all partnership assets and pay all partnership debts and expenses of winding up out of the partnership assets, and equally divide the balance, all to be effected "by December 1, 1920, if possible." That Bieber took over the partnership assets under said dissolution agreement and proceeded in a measure to the winding up, but apparently did not complete the same within the time specified, and on or about May 2, 1921, Heitman began suit in the district court of Allamakee county, Iowa, and obtained the appointment of a receiver of said partnership assets and for the purpose of winding up its affairs, which receiver took possession of the partnership assets and proceeded to the discharge of his duties under the jurisdiction of the district court of Allamakee county, Iowa. One J. H. Kelly was appointed as such receiver. That about July 23, 1921, Edward Bieber filed a voluntary petition in bankruptcy in this court, and was on said date duly adjudicated a bankrupt. That thereafter, at the first meeting of creditors, the same J. H. Kelly was elected trustee of the bankrupt and proceeded to qualify and enter upon the discharge of his duties. That controversy and confusion now exists, because the district court of the state of Iowa for Allamakee county claims jurisdiction for all partnership assets, and the said John G. Chalmers, referee in bank-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ruptcy, as aforesaid, is claiming the right to administer the partnership assets in this court of bankruptcy.

Prior to the filing of the petition of voluntary bankruptcy by Bieber, it must be assumed that the partnership assets were rightfully in the custody of the state court and in the course of administration for liquidation purposes. Heitman has not been adjudicated a bankrupt, nor does it appear that he is subject to such adjudication. Neither has the partnership as such been adjudicated a bankrupt. Section 5, subdivision "h," of the Bankruptcy Law (Comp. St. § 9589, subd. "h"), provides:

"In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

The certified statement of facts discloses no reason why the jurisdiction of the state court to administer the partnership assets at the suit of Heitman should have been interfered with. The partnership assets should remain with the receiver of the state court, who should account under proper procedure to the trustee in bankruptcy for the interest of the partner adjudged bankrupt; that is to say, if there be a surplus over sufficient to pay the partnership creditors and the costs of administration in the state court, bankrupt's share of such surplus should be accounted for to the trustee. In the meantime the estate of the bankrupt should proceed in administration pursuant to the usual course. The individual property of the bankrupt should be realized upon, and that portion liable to dividends applied first to the payment of the bankrupt's individual debts, and if there be a surplus, and partnership creditors should file claims, such surplus should be applied to the payment of such claims; it appearing that the partnership is insolvent, and the partnership assets insufficient to pay the partnership debts.