## In re SHIELDS & MATTISON.

(District Court, S. D. California, S. D. December 24, 1925.)

### No. 6825.

Bankruptcy ⬭95—Question of right of single partner to institute bankruptcy proceeding cannot be raised on incidental issue.

The question of the right of a single partner to institute bankruptcy proceedings cannot be informally raised by an alleged partner on hearing of issue joined on his answer denying the partnership, by objection to the jurisdiction, after such issue has by stipulation been referred to a special master.

In Bankruptcy. In the matter of Shields & Mattison, a copartnership composed of George E. Shields and A. E. Mattison, alleged bankrupt. On report of special master. Confirmed.

W. T. Craig, of Los Angeles, Cal., for receiver.

Lamy & Smith, of Los Angeles, Cal., for respondent Mattison.

JAMES, District Judge. A petition was filed on December 13, 1924, by George E. Shields, who represented that he was a member of a copartnership known as Shields & Mattison, and that the said copartnership was insolvent, and that it had permitted a judgment to be taken against it which would amount to a preference. In this petition Shields set forth that the other partner, A. E. Mattison, had refused to join in the petition. Mattison appeared, and in an answer denied that he was a copartner with Shields at

14 F.(2d)—41

the time of the filing of the petition, or that he had been a copartner at any time subsequent to the 17th day of October, 1924, on which date he alleged that the copartnership which had theretofore existed had been dissolved by mutual consent. Upon written stipulation, signed by counsel for Mattison and counsel for the petitioning partner, the question as to Mattison's association in the copartnership, as raised by his answer, was submitted to a special master to take evidence and report his findings and conclusions; it being stated in the stipulation that the only question to be by the master determined was "whether A. E. Mattison is a member of the partnership above named." The master heard the evidence submitted by the parties and filed his report, in which he reported the conclusion that Mattison was a member of the copartnership during the time in dispute. The report was presented for confirmation, and no objections were filed thereto. Counsel for Mattison, however, appeared and orally objected that the court had no jurisdiction to take any action in the matter because the petition, being against the copartnership, and being filed by one partner only, was not authorized by the Bankruptcy Act (Comp. St. § 9585 et seq.), citing Meek v. Centre County Banking Company et al., 268 U. S. 426, 45 S. Ct. 560, 69 L. Ed. 1028.

Under the decision cited, the question of the right of the single partner to institute a bankruptcy proceeding may be well questioned. However, I do not think that that question should be permitted to be raised in an informal way and in an incidental proceeding which has been carried on through the stipulation of the person now raising the objection to the jurisdiction. Confirmation of the master's report will in no wise affect the right of Mattison to move to dismiss the proceeding or present the question of jurisdiction directly by appropriate motion. And a determination that he was a member of the copartnership is essential to give him standing from which to urge that his interests will be damaged.

The report of the special master, determining that A. E. Mattison was a member of the copartnership at the time in issue under said Mattison's answer, is approved and confirmed.