## YABUCOA SUGAR CO. v. UNITED PORTO RICAN BANK et al.

### No. 2658.

Circuit Court of Appeals, First Circuit.
June 27, 1932.

O. B. Frazer, of New York City (Jose G. Gonzalez and Gonzalez, Fagundo & Gonzalez, Jr., all of Humacao, Puerto Rico, on the brief), for appellant.

Henri Brown, of San Juan, Puerto Rico, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The complaint, filed originally in the District Court at Humacao, Porto Rico, prays for a judgment that certain sugar cane roots planted on the properties mentioned in the preceding paragraphs are of the exclusive ownership of the Yabucoa Sugar Company; and furthermore that certain annotations, made in the registry of property in connection with a suit by this defendant against one Benitez-Carrillo, be adjudged unauthorized and set aside. The District Court granted the relief prayed for; the Supreme Court of Porto Rico reversed the decree and dismissed the complaint; and the plaintiff appealed.

Benitez-Carrillo and his wife made an agricultural loan contract with the defendant bank, securing on certain specified sugar cane plantations and crops including the roots in question a crop loan of $26,000, future advances of $1 per ton of cane for harvesting, and interest charges. The contract further provided that it should be security, not only for the sums above referred to, but also for any sums which in addition thereto the bank might lend to Benitez-Carrillo for the same purpose, and that, if Benitez-Carrillo should exhaust the total amount of the loan before completing the collection and cutting of the cane, the bank might step in and complete the work and charge the expense of doing so to the loan secured by the contract. There were other provisions of elaborate character which it is unnecessary to state. The contract was duly recorded, which was public notice of its terms. The date of it was July 5, 1927; and by its terms the loan was to be liquidated on or before June 30, 1928. On December 13, 1927, the bank and Benitez-Carrillo made a second contract, which is referred to as an "extension" of the contract of July 5. It covered advances of $3,000 more or less on the same property and crops, and incorporated by reference the previous contract.

The total amount loaned by the bank under these agreements, together with interest and other charges, came to about $43,000. The crop realized about $36,000. The bank brought suit against Benitez-Carrillo for the balance due, and in connection with that suit caused the annotation in question to be made in the registry, so that the roots would be held under the contract as security for any judgment which might be obtained.

The rights of the Yabucoa Sugar Company rest upon two intermediate contracts between it and Benitez-Carrillo, one of July 22, 1927, the other of September 20, 1927; principally upon the latter. By it Benitez-Carrillo sold to the Yabucoa Company the roots in question; the vendees to take possession of them as the cane was cut during the 1927–28 crop. This contract states explicitly that the canes are incumbered by an agricultural loan contract in favor of the defendant bank. It was recorded in the registry of agricultural contracts.

In recent decisions, the Supreme Court of Porto Rico has decided that agricultural financing contracts must fix with definiteness the amount of the advances with which the property is incumbered, and that an indefinite contract which states merely that the necessary funds shall be advanced is not recordable. Rosenstadt & Waller, Inc., v. Registrar, 32 Porto Rico Reports, 439; Nicholas Ortiz Lebron v. Registrar, 42 Porto Rico Reports, 438; United Porto Rico Bank v. Registrar, 38 Porto Rico Reports, 350. These decisions are relied upon by the Yabucoa Sugar Company as establishing that the bank's contract of July 5 was too indefinite for record as to loans beyond the sums specifically stated, that such further advances are therefore postponed to the Yabucoa Sugar Company's contract of September 30; that the roots accordingly belonged to the Yabucoa Company; and that the annotation in the registry with reference to the suit above referred to, made at the instance of the bank, was improperly entered.

The Supreme Court of Porto Rico held that, as the Yabucoa Company had express notice of the contract between Benitez-Carrillo and the bank, and the contract was recorded and its provisions were therefore discoverable, the Yabucoa Company took subject to the rights of the bank according to the terms of the contract; and that no question of constructive notice under the statutes was involved. This view is in our opinion correct. Even if the indefiniteness of the contract of July 5 made it unrecordable as to certain provisions of it, which we do not decide, that fact did not affect the validity of it as between the parties. Being valid between them, it controlled the rights of those who took under them with actual notice of it. The extent to which the record of the contract was constructive notice of it to persons who dealt with Benitez-Carrillo in ignorance of it is not involved. As the questions presented relate to the construction and application of purely local laws, this court accepts the opinion of the Supreme Court of Porto Rico, unless satisfied that it was clearly wrong. Cabo Rodriguez v. Anaud, 54 F.(2d) 585.

We also agree with the Supreme Court of Porto Rico that the Yabucoa Sugar Company was not entitled to any decree adjudging the ownership of the roots. There is no statute applicable to Porto Rico authorizing a declaratory judgment of that sort.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs.