### HUNTER v. HUNTER & DREW et al.

### No. 5083.

District Court, W. D. Louisiana, Shreveport Division.

Jan. 3, 1934.

quired by the bankruptcy law, in that, although it alleges insolvency, it fails to charge any act of bankruptcy.

My conclusion is that the motion to dismiss should be sustained. See Meek v. Centre County Banking Co. et al., 268 U. S. 426, 45 S. Ct. 560, 69 L. Ed. 1028. Proper decree should be presented.

Watkins & Watkins, of Minden, La., for plaintiff.

Drew & Richardson, of Minden, La., for defendants.

DAWKINS, District Judge.

Plaintiff alleges that on December 2, 1930, he became a partner "in·commendam" with W. T. Drew, in the business of road contracting, by a contract in writing, recorded in the clerk's office of Webster parish; and that the business was operated by Drew for several months, "who changed the name recently to Hunter & Drew." He further alleges as follows:

"4. That your petitioner, in addition to the amount expended by him in purchasing an interest in the said business has advanced to the said partnership an amount in excess of Five Thousand and no/100 ($5,000.00) Dollars, and that the said partnership is hopelessly insolvent and owes debts the payment of which are not secured, in excess of Fifteen Hundred Dollars.

"5. That your petitioner, Jack D. Hunter, partner in commendam, acknowledges that the said partnership is insolvent and unable to pay its debts and that the said commendam partnership should be adjudged a bankrupt within the purview of the Bankrupt Statutes of the United States [11 USCA]."

Petitioner prays for service upon the partnership and the said Drew and that "after legal delays and a hearing had that the said partnership may be adjudicated by the court a bankrupt in the purview of the said act."

Drew, appearing for the partnership of Hunter & Drew, as one of its members, has moved to dismiss the petition upon the ground that it discloses no cause of action and no right of action. I do not believe that the petition can, under any circumstances, be considered as a voluntary application on the part of the partnership to be adjudged bankrupt. It is clearly a proceeding *against* the partnership and the other member thereof and not one *by* it. On the other hand, if treated as an involuntary proceeding by one of the partners, who alleges himself to be a creditor, it is lacking in one of the essential elements re-