## BENITEZ v. BANK OF NOVA SCOTIA.
### No. 3402.

Circuit Court of Appeals, First Circuit.
March 8, 1940.

J. M. Calderon, Jr., of San Juan, P. R., for appellant.

Walter L. Newsom, Jr., and Henri Brown, both of San Juan, P. R., for appellee.

Before MAGRUDER, Circuit Judge, PETERS, and SWEENEY, District Judges.

MAGRUDER, Circuit Judge.

This is an appeal from an order entered October 13, 1938, by the United States District Court for Puerto Rico, sitting in bankruptcy, denying a petition by the debtor-appellant in a proceeding under Section 74 of the Bankruptcy Act as amended, 47 Stat. 1467, 48 Stat. 922, 923, 49 Stat. 246, 11 U.S.C.A. § 202, for a stay of a certain foreclosure sale and of all further proceedings in a foreclosure suit pending before the said District Court in equity.

On October 20, 1936, the Bank of Nova Scotia, appellee herein, filed in the District Court of the United States for Puerto Rico a bill in equity against Benitez Sugar Company, a corporation, and various persons, including the present appellant, individually and as members of the "Comunidad" Jose J. Benitez e Hijos, seeking foreclosure of certain securities and of a crop lien in satisfaction of various joint and several obligations of the corporation and the Comunidad.

This Comunidad had large holdings of land on the Island of Vieques, Puerto Rico, used for growing sugar cane and for pasturage. It also owned cattle, buildings, agricultural equipment, and held the capital stock of the aforementioned Benitez Sugar Company. The latter corporation was engaged in the growing of sugar cane and the manufacture of raw sugar and molasses and owned a sugar factory, agricultural land, a large number of live stock, equipment, buildings, etc., all on the Island of Vieques. The operations of the Comunidad and the Benitez Sugar Company had for many years been conducted "as a single and integrated enterprise." The Comunidad had been constituted by contract between the widower and the heirs of Carlota Sampayo Guzman in 1917, and by successive renewals had been extended to July 30, 1935. On July 1, 1933, the Bank of Nova Scotia, under the terms of a crop loan agreement with the Comunidad, took possession of the properties and operated them for the account of the Comunidad and the Sugar Company, applying the net proceeds to the repayment of the crop loans. When the contract regulating the Comuni-

dad expired on July 30, 1935, no partition or liquidation of the business was had, but the bank continued the operation of the business as theretofore, until a receiver took over.

Upon the filing of the bill for foreclosure a receiver was appointed ex parte, and his appointment was subsequently confirmed after a hearing. The receiver took possession of these properties and operated the enterprise under orders of the court. On August 22, 1938, a final decree was rendered in favor of the bank. The decree adjudged that the Comunidad and the Sugar Company were jointly and severally indebted to the bank in the principal sum of $673,569.82 with interest; that the members of the Comunidad were individually liable in proportion to their respective participations therein, that of the present appellant being a one-twelfth interest; that defendant members of the Comunidad, in proportion to their respective liabilities, and the Benitez Sugar Company, must, on or before September 1, 1938, pay to the bank the said sum with interest, in default of which a special master was directed to sell the various pledged and mortgaged properties at public auction. Provision was also made for an eventual deficiency judgment.

No payment having been made, the property, in accordance with the terms of the above decree, was advertised for sale to be held on October 13, 1938.

Meanwhile, on October 2, 1937, the appellant, who was one of the members of the aforesaid Comunidad, had filed his petition for composition or extension under Section 74 of the Bankruptcy Act, as amended, 47 Stat. 1467, 48 Stat. 922, 923, 49 Stat. 246. On the same day, the District Court approved the petition as properly filed under Section 74, and referred the same to a referee in bankruptcy, who appointed a custodian. On April 12, 1938, the custodian, pursuant to authority given by the referee, filed in the District Court an equity suit against the other members of the Comunidad, seeking a partition of the specific properties of the Comunidad. The court, on June 17, 1938, decided to hold the suit for partition in abeyance until the determination of the pending foreclosure suit. This partition suit is not now before us. Thereafter, the bank filed an ancillary bill for foreclosure of certain mortgages on property of the Comunidad, which bill was by order of the District Court on August 22, 1938, consolidated with the original equity suit.

On October 6, 1938, the custodian, on behalf of the debtor-appellant, filed a petition in the bankruptcy court asking for a stay of the sale which was to be held on October 13, 1938, and, in addition, for a stay of further proceedings for foreclosure of the mortgages covered by the ancillary bill. By order entered October 13, 1938, without opinion, the petition for stay was denied. Appellant now appeals from this order.

It is the theory of appellant that the stay should have been granted under the then applicable provisions of Section 74, subs. m and n of the Bankruptcy Act.[1]   (The

[1] Section 74, sub. m, as amended, 47 Stat. 1470, 48 Stat. 923, read:

"The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered. In proceedings under this section, except as otherwise provided therein, the jurisdiction and powers of the court, the title, powers, and duties of its officers and, subject to the approval of the court, their fees, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day."

Section 74, sub. n, read:

"In addition to the provisions of section 11[29] of this Act [title] for the staying of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, may enjoin secured creditors who may be affected by the extension proposal from proceeding

Chandler Act amendments do not apply to proceedings pending under Section 74 on the effective date of the Act. 52 Stat. 916.)

■ In our opinion the filing of an individual petition under Section 74 by one member of the Comunidad did not draw into the exclusive jurisdiction of the bankruptcy court the properties of the Comunidad or the Benitez Sugar Company, nor did the bankruptcy court ipso facto acquire jurisdiction of an undivided interest of the debtor-appellant in specific property owned by the Comunidad. A similar contention was urged as to the effect of the filing of an individual petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, by another member of this same Comunidad. See Carlota Benitez Sampayo v. Bank of Nova Scotia, 1 Cir., 109 F.2d 743, decided by us January 10, 1940. In that case, we did not find it necessary to pass on the question, because the only matter for decision on that appeal was the correctness of a decree below dismissing the individual petition under Section 75 on the ground that the debtor was not a "farmer" within the meaning of the Act.

■ In attempting to determine the nature of the debtor-appellant's interest in the Comunidad, we have examined Sections 326–340 of the Civil Code of Puerto Rico (1930 Ed.) dealing with the common ownership of property. There is obviously more than a simple common ownership of property here; legal consequences follow from this fact. It may be that the Comunidad was not endowed with full juridical personality as a civil law partnership. And it may be, also, that the Comunidad has not all the characteristics of a conventional Anglo-American partnership. The differences, if any, are not important for present purposes, and we believe the Comunidad, as an association of co-owners carrying on an extensive business for profit, may properly be deemed a partnership within the meaning of the Bankruptcy Act.[2]

This very Comunidad was before the Supreme Court of Puerto Rico in Bank of Nova Scotia v. Benitez et al., 52 D.P.R. 704. In that case a creditor of one of the members of the Comunidad brought suit on an individual indebtedness of the member and attached a parcel of real estate which was recorded in the name of the member but which in fact was property of the Comunidad. Subsequent to this attachment the Comunidad executed a promissory note in favor of the Bank of Nova Scotia which it secured by a mortgage on the same parcel of land. The separate creditor recovered judgment. The court held that the mortgage of the bank took priority over the attachment by the separate creditor, though the latter was prior in time. It was reasoned that the individual debtor had by the Comunidad contract "disposed of his common interest in the attached property and had made it form part of a community of property consisting of a going business". In effect, the interest of each of the associates in the Comunidad was regarded, not as an interest in specific property but as a chose in action, the value of which could only be ascertained upon liquidation and possible partition after the termination of the Comunidad. Further, the court said:

"In this case there was a contract. Its terms prevail and their examination indeed discloses the formation of a community broader than the ordinary one in its scope. It is not limited to the administration of a piece of realty in possession of the community, as for example a house, but goes further and comprises the administration

---

in any court for the enforcement of their claims until the extension has been confirmed or denied by the court."

Section 11, 11 U.S.C.A. § 29, referred to in Section 74, sub. n, above, read in part (30 Stat. 549):

"*Suits by and against Bankrupts.* (a) A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined.

"(b) The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt."

[2] If the members of the Comunidad are individually liable for its debts, not in solido as in a common law partnership, but only pro rata in accordance with their respective interests, in the event of the bankruptcy of the Comunidad the administration of the separate estates under Section 5, sub. g, of the Bankruptcy Act, 52 Stat. 846, 11 U.S.C.A. § 23, sub. g, may be modified accordingly.

of important agricultural properties in full production in connection with a sugar corporation. Nevertheless, it cannot be said therefor that something was created which was in violation of law, or without capacity to contract valid obligations."

It is true that the formal contract between the members expired in 1935. Under Section 334 of the Puerto Rico Civil Code (1930 Ed.) the members were no longer bound by contract to keep the property undivided, but any member could have called for a liquidation and accounting, and a partition of the common property remaining after satisfaction of the debts of the Comunidad, if such was feasible (see Civil Code of Puerto Rico, §§ 335, 338). In fact, however, the business was conducted after 1935 in full operation. The expiration of the formal agreement in 1935 did not affect the priorities of Comunidad creditors. Even after dissolution a partnership can still be put in bankruptcy as an entity. Bankruptcy Act, Section 5, 11 U. S.C. § 23, 11 U.S.C.A. § 23. In re L. Stein & Co., 7 Cir., 127 F. 547, 549; In re Coe et al., D.C., 157 F. 308; In re Wells, D.C., 298 F. 109; In re Lomont et al., D.C., 9 F.2d 407.

Assuming that a partnership is a "person" within the meaning of Section 74 and entitled to invoke its remedial provisions,[3] the power of one member of the partnership to file a petition under Section 74 on behalf of the firm may be questioned. See Meek v. Centre County Banking Co., 1925, 268 U.S. 426, 45 S.Ct. 560, 69 L.Ed. 1028, and Section 5, sub. b of the Bankruptcy Act, as amended by the Chandler Act, 52 Stat. 845. We need not consider this now, because appellant's petition under

Section 74 clearly purported to be only an individual petition. On October 2, 1937, when appellant filed his petition, Section 5, sub. h, of the Bankruptcy Act expressly provided that "In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."[4] 30 Stat. 548. Marnet Oil Co. v. Staley, 5 Cir., 218 F. 45; In re Gerstenzang, D.C., 52 F.2d 863; In re Bieber, D.C., 283 F. 857. In the last-cited case a state court of equity had acquired jurisdiction of partnership property in a suit for a partnership accounting. Thereafter one of the partners filed his individual petition in bankruptcy, and it was held that such bankruptcy proceedings did not disturb the state court's possession of the partnership assets. The non-bankrupt partners are entitled to have the partnership assets devoted to the payment of the firm debts, so far as necessary. And, of course, a partnership creditor who holds a mortgage or pledge of specific partnership property does not lose his right to enforce the lien by appropriate proceedings merely because one of the partners has filed an individual petition in bankruptcy. The other members of the partnership have an interest in insisting upon the application of the partnership property to the payment of partnership debts, in order that they may be relieved of their individual liability therefor payable out of their separate estates. If a single

---

[3] Section 74 deals with compositions and extensions in the case of "any person excepting a corporation". Section 1 (19) of the original Bankruptcy Act provided that " 'persons' shall include corporations, except where otherwise specified, and officers, partnerships, and women * * *." 30 Stat. 545, 11 U.S.C.A. § 1 (19). This language is now found in Section 1(23) of the Bankruptcy Act, as amended by the Chandler Act, 52 Stat. 841, 11 U.S.C.A. § 1(23). See Meek v. Centre County Banking Co., 1925, 268 U.S. 426, 431, 45 S.Ct. 560, 69 L.Ed. 1028.

The subject matter of Section 74 has now by the Chandler Act been transferred to Chapter XI—Arrangements, Section 301 et seq., 52 Stat. 840, 905, 11 U.S.C.A. § 701 et seq. By Section 399, the provisions of old Section 74 are continued in effect with respect to proceedings pending thereunder upon the effective date of the Chandler Act. 52 Stat. 916. The new Chapter XI provides for the filing of a petition thereunder by a "debtor". 52 Stat. 907, § 321 et seq., 11 U.S.C.A. § 721 et seq. Debtor is now defined in Section 306 (3) as "a person who could become a bankrupt under section 4 of this Act". 52 Stat. 906. Cf. Meek v. Centre County Banking Co., 1925, 268 U.S. 426, 431, 45 S.Ct. 560, 69 L.Ed. 1028.

[4] This provision, substantially unmodified by the Chandler Act, now appears as Section 5, sub. i, 52 Stat. 846, 11 U.S.C.A. § 23, sub. i.

partner by invoking Section 74 on his individual petition could thus prevent or delay the application of partnership property to the payment of partnership debts, the other members of the partnership might be substantially prejudiced.

We therefore think it clear that the appellant's "property" interest in the Comunidad, his abstract and indeterminate share therein, did not give the bankruptcy court power to stay the foreclosure proceedings against the Comunidad in the equity court. Whether the equity court would have power to decree a deficiency judgment against the debtor-appellant individually, while the proceedings under Section 74 are pending, is not now before us.

Even if the bankruptcy court under Section 74, subs. m and n had power to stay the foreclosure proceedings against the Comunidad pending on the equity side, the exercise of this power would be at most discretionary, not mandatory. We could not say, on the facts appearing in the record, that the denial of a stay was an abuse of discretion.[5]

The decree of the District Court is affirmed.

---

[5] In his assignments of error the debtor-appellant also invokes the general provisions of Section 11, 11 U.S.C.A. § 29, as authority for the stay. This point, however, is not argued on the brief. The same considerations apply to Section 11. It may be noted that under Section 74, sub. m, the powers of the bankruptcy court are the same "as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day." Under Section 11, a stay of suits after adjudication is discretionary. In re Rosenstein, 2 Cir., 1921, 276 F. 704.