JOSÉ DEL CARMEN VARGAS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1064.—*Sometido:* Marzo 11, 1940. *Resuelto:* Marzo 14, 1940.

*Buenaventura Esteves,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Aguadilla la escritura de compraventa de finca rústica número 150 otorgada el 17 de noviembre de 1938 por Antonio Román González y su esposa a favor de Telesforo Eduardo Soto Colón y otros, el registrador se negó a inscribirla por los siguientes motivos:

"*Primero:* Porque el contrato de compraventa que el mismo comprende equivale a una trasmisión de derechos hereditarios y no se ha acreditado el pago de la contribución de herencia en armonía con los preceptos del artículo 379 del Código Político de Puerto Rico; y *Segundo:* Porque los menores adquirentes no han sido representados legalmente en el acto del otorgamiento de la escritura, tomando en su lugar ANOTACIÓN PREVENTIVA por ciento veinte días, a todos los efectos legales . . ."

Otras tres escrituras públicas se presentaron a la vez en el registro, a saber: las números 192, 193 y 218 otorgadas respectivamente en octubre 28, octubre 30 y diciembre 27 de 1939, por virtud de las cuales aparecen vendiendo la finca de que se trata Telesforo Soto Colón y otros a Pedro Ferrer, Pedro Ferrer a José del C. Vargas y el Márshal de la Corte de Distrito de Aguadilla Ramón H. Vargas, a nombre de ciertos condueños menores de edad también a José del C. Vargas. El registrador se negó a inscribirlas por no aparecer registrada la finca vendida a nombre de los vendedores.

No conforme el último comprador según los documentos, José del Carmen Vargas, interpuso el presente recurso gubernativo alegando que el Registrador erró al resolver que se trataba de una trasmisión de derechos hereditarios cuando se trata de una compraventa y al decidir que los menores Gervasio y María Soto Méndez no estuvieron legalmente representados.

■■ Un examen de la primera escritura o sea de la otorgada en noviembre 17, 1938, de la cual dependen las otras tres, demuestra que el registrador recurrido estuvo acertado al considerar la venta como equivalente a una trasmisión de derechos hereditarios.

En la comparecencia, después de consignarse el nombre de los compradores se expresa: "todos vecinos de . . . herederos en distintos grados del causante o ascendiente don Faustino Soto Torres, quien falleció. . . ."

Y luego de describir la finca, dicen los vendedores:

"Y ahora venden dicha propiedad, con todos sus usos, servidumbres y anexidades, al compareciente señor Soto Colón, para él y todos

y cada uno de sus representados arriba nombrados, en la proporción para cada uno, a los derechos que todos y cada uno tuviere como herederos de don Faustino Soto Torres, arriba dicho, por la cantidad de UN MIL QUINIENTOS DÓLARES, que declaran haber recibido a satisfacción desde antes de este acto de herencia de dicho causante Soto Torres como les ha manifestado el compareciente Soto Colón; y, así es convenido y estipulado que los ahora vendedores quedan libres y exonerados de responder en manera alguna por evicción y saneamiento, ya que fué anterior dueño de dicho inmueble el causante de los compradores arriba prenombrado."

Insiste en su alegato el recurrente en que el precepto del Código Político que tuvo en cuenta el registrador se refiere a personas que hubieran fallecido.

Así es en efecto pero aquí lo que surge de la escritura de venta, como acabamos de ver, es que si bien se otorgó por personas vivas lo fué para hacer constar en documento público, susceptible de ser inscrito en el registro, una transacción que se realizó con una persona que había fallecido y estaba sustituída en el acto del otorgamiento por sus herederos. Éstos—los que figuran como compradores en el documento cuya inscripción se pretende—no adquirieron en verdad la finca a título de compra si que a título de herencia.

En cuanto a la indebida representación de los menores, en la escritura se expresa:

"Don Telesforo Eduardo dice, que comparece por sí y a nombre y en representación de los siguientes señores: . . . mayores, menos don Gervasio, doña María, doña Monsa y don Manuel que son menores; . . ."

Admite el recurrente que la facultad para representar a los menores residía en la madre, ya que el padre había fallecido, pero sostiene que "esa facultad podía delegarse en otra persona, como ocurrió en este caso, ya que se trataba de adquirir y no de trasmitir; y todo lo que exige la ley es que ese mandato (verbal o escrito) sea luego ratificado por el mandante. . . . . . Claro es que, siendo menores, carecían de capacidad para otorgar un mandato; pero, aunque no lo dice la escritura, hay que presumir que el coheredero

compareciente don Telesforo Eduardo estaba facultado por los demás herederos adquirentes y por la madre de dichos menores para representarlos a todos, actuación que fué luego aceptada y ratificada por todos, inclusive la madre de los herederos menores de edad, al comparecer unos ante notario y otorgar la escritura de compraventa a favor de don Pedro Ferrer y la madre a la Corte de Distrito para pedir autorización a fin de que se vendieran en pública subasta los condominios que sus hijos adquirieron por la escritura Núm. 150, de don Antonio Román González.''

A nuestro juicio tratándose de menores de edad y envolviendo como envuelve el otorgamiento de la escritura la aceptación de una herencia más bien que la compra de una finca, no cabe presumir la autorización de la madre al compareciente Telesforo Eduardo Soto Colón para que representara a sus hijos. Sin embargo, demostrando el último de los documentos presentados que la madre de los menores reconoció la transacción al pedir luego autorización judicial para vender lo adquirido, creemos que la deficiencia fué suplida y el defecto curado y por tanto que no debió negarse por tal motivo la inscripción.

*En tal virtud debe el recurso declararse sin lugar en cuanto al primer motivo y con lugar en cuanto al segundo, sin que puedan ordenarse las inscripciones solicitadas porque la negativa se sostiene por su primer fundamento.*