BENITEZ v. BANK OF NOVA SCOTIA.

No. 3561.

Circuit Court of Appeals, First Circuit.

Dec. 20, 1940.

J. M. Calderon, Jr., of San Juan, P. R., for appellant.

Walter L. Newsom, Jr., of San Juan, P. R. (Henri Brown, of San Juan, P. R., on the brief), for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and SWEENEY, District Judge.

PER CURIAM.

This is an appeal from a decree of foreclosure rendered by the United States District Court for Puerto Rico.

On October 20, 1936, the Bank of Nova Scotia, appellee herein, filed in the District Court a bill in equity against Benitez Sugar Company, a corporation, and various persons, including the present appellant, individually and as members of the "Comunidad" Jose J. Benitez e Hijos, seeking foreclosure of certain securities and of a crop lien in satisfaction of various joint and several obligations of the corporation and the Comunidad.

This Comunidad had large holdings of land on the Island of Vieques, Puerto Rico, used for growing sugar cane and for pasturage. It also owned cattle, buildings, agricultural equipment, and held the capital stock of the aforementioned Benitez Sugar Company. The latter corporation was engaged in the growing of sugar cane and the manufacture of raw sugar and molasses and owned a sugar factory, agricultural land, a large number of live stock, equipment, buildings, etc., all on the Island of Vieques. The operations of the Comunidad and the Benitez Sugar Company had for many years been conducted "as a single and integrated enterprise."

The Comunidad Jose J. Benitez e Hijos had been constituted by contract between the widower and the heirs of Carlota Sampayo Guzman in 1917, and by successive renewals had been extended to July 30, 1935. By these contracts establishing and continuing the Comunidad, general powers of management of the enterprise were vested in Jose J. Benitez Diaz, one of the members of the Comunidad and the father of the present appellant. These powers included power to sign notes and execute other contracts on behalf of the Comunidad, to borrow money and to constitute mortgages on the real estate as well as to pledge personal property.

On July 1, 1933, the Bank of Nova Scotia, under the terms of a crop loan agreement with the Comunidad, took possession of the properties and operated them for the account of the Comunidad and the Sugar Company, applying the net proceeds to the repayment of the crop loans. When the contract regulating the Comunidad expired on July 30, 1935, no partition or liquidation of the business was had, but the Bank continued the operation of the business as theretofore, until a receiver took over.

Upon the filing of the bill for foreclosure a receiver was appointed ex parte, and his appointment was subsequently confirmed after a hearing. The receiver took possession of these properties and operated the enterprise under orders of the court. On August 22, 1938, a final decree was rendered in favor of the Bank. The decree adjudged that the Comunidad and the Sugar Company were jointly and severally indebted to the Bank in the principal sum of $673,569.82 with interest; that the members of the Comunidad were individually liable in proportion to their respective participations therein, that of the present appellant being a one-twelfth interest; that defendant members of the Comunidad, in proportion to their respective liabilities, and the Benitez Sugar Company, must, on or before September 1, 1938, pay to the Bank the said sum with interest, in default of which a special master was directed to sell the various pledged and mortgaged properties at public auction. The Bank was authorized to bid at the sale. Provision was also made for an eventual deficiency judgment.

No payment having been made, the property, in accordance with the terms of the above decree, was advertised for sale to be held on October 13, 1938.

Meanwhile, on October 2, 1937, the appellant, who was one of the members of the aforesaid Comunidad, had filed his petition for composition or extension under Section 74 of the Bankruptcy Act, as amended, 47 Stat. 1467, 48 Stat. 922, 923, 49 Stat. 246, 11 U.S.C.A. § 202. On the same day, the District Court approved the petition as properly filed under Section 74, and referred the same to a referee in bankruptcy, who appointed a custodian. Thereafter, the Bank filed two bills in the nature of ancillary suits for foreclosure of certain mortgages on property of the Comunidad and of the Benitez Sugar Company, which bills were by order of the District Court on August 22, 1938, consolidated with the original suit.

On October 6, 1938, the custodian, on behalf of his debtor—the present appellant—filed a petition in the bankruptcy court asking for a stay of the sale which was to be held on October 13, 1938, and in addition, for a stay of further proceedings for foreclosure of the mortgages covered by the ancillary suits. By order entered October 13, 1938, without opinion, the petition for stay was denied. We affirmed the order in Benitez v. Bank of Nova Scotia, 1 Cir., 110 F.2d 169, 172. It was contended on that appeal that the stay should have been granted under the then applicable provisions of Section 74, subs. m and n of the Bankruptcy Act. We held, however, that "the filing of an individual petition under Section 74 by one member of the Comunidad did not draw into the exclusive jurisdiction of the bankruptcy court the properties of the Comunidad or the Benitez Sugar Company, nor did the bankruptcy court ipso facto acquire jurisdiction of an undivided interest of the debtor-appellant in specific property owned by the Comunidad." The Comunidad, we thought, was to be assimilated to a partnership for purposes of the Bankruptcy Act. Since "a partnership creditor who holds a mortgage or pledge of specific partnership property does not lose his right to enforce the lien by appropriate proceedings merely because one of the partners has filed an individual petition in bankruptcy," we concluded that the pendency of appellant's individual petition under Section 74 of the Bankruptcy Act did not deprive the equity court of power to proceed with the suit to foreclose the property of the Comunidad at the instance of a Comunidad creditor.

■ The present appeal is from the original foreclosure decree of August 22, 1938, above mentioned. Appellant now renews his contention that the pendency of his petition under Section 74 of the Bankruptcy Act invalidated the foreclosure decree. This point having been decided adversely to appellant in Benitez v. Bank of Nova Scotia, 1 Cir., 110 F.2d 169, has become res judicata. Further, if the point were open, we should adhere to the conclusion we reached in that case.

The main contention, however, is that the various mortgages of Comunidad realty, constituted in 1929 to secure notes of the Comunidad pledged to the appellee bank, were not binding on appellant and on his share in the Comunidad property because he was a minor at that time, and judicial authorization had not been obtained. These mortgages and notes had been executed by appellant's father, Jose J. Benitez Diaz, on behalf of the Comunidad pursuant to powers as general manager conferred upon him by the communal contract.

The original communal contract dated May 9, 1917, was duly executed on behalf of appellant by a tutor or guardian appointed by the court. On January 14, 1927, a few days after the earlier agreement had expired, the family executed another communal contract by which the Comunidad was extended or recreated (it does not matter which). At that time appellant was still a minor, but the deed was executed on his behalf by a person purporting to have court authority to act as his guardian ad litem. There is some question whether this guardian was duly authorized; however, the point becomes immaterial in view of subsequent events.

By the 1927 extension, the Comunidad was to be continued until June 30, 1929. In April, 1929, the parties executed a new deed extending the Comunidad for another year, to June 30, 1930, upon the same terms and conditions. Though appellant was still a minor, and unemancipated, he signed this deed as of his own right, stipulating therein that he "solemnly undertakes to ratify this deed as soon as he becomes of age in October of this year." Presumably this undertaking had no legal significance.

■ However, shortly thereafter, and on or before August 6, 1929, appellant was duly emancipated by his father. On August 6, 1929, being emancipated, appellant executed a formal deed ratifying the deed of April 19, 1929, which extended the communal agreement to June 30, 1930. This ratification was legally effective. Travieso v. McCormick, 1939, 54 D.P.R. 328. Three further extensions were made, carrying the communal agreement down to July 30, 1935. Each of these extensions was executed by appellant, being then of full legal age.

The controversy chiefly relates to certain mortgage notes, secured by mortgages on real estate of the Comunidad, executed on August 10, 1929. These mortgages were constituted by Jose J. Benitez Diaz as general manager under authority conferred on him by the communal agreement dated April 19, 1929. The consideration was an extension of the maturity of loans then due, and a new loan to finance further operations. As we have seen, a few days before these notes and mortgages were executed

362

on behalf of the Comunidad, appellant had validly ratified the communal agreement of April 19, 1929.

It is contended, however, that under Section 237 of the Civil Code of Puerto Rico, 1930 Ed., an emancipated minor cannot "encumber or sell his real property, without the consent of his father." This is true. But it seems that such consent need not be manifested by formal instrument executed by the father in his capacity as guardian; it may be shown by implication. See Felix v. Registrar, 29 P.R.R. 152; Vargas v. Registrador, 56 D.P.R. 327. The father in executing the notes and constituting the mortgages on behalf of the entire Comunidad necessarily consented to the encumbrance of his son's interest. Judicial authorization was not requisite, after the son's emancipation. Matias v. Rafucci, 34 P.R.R. 157. The further objection is made by appellant that by Section 160 of the Civil Code a father cannot represent a minor son if there is an incompatibility of interests between them. There are two answers to this, first, that Section 160 refers only to "unemancipated children" and second, no conflict of interests appears to exist. See Vias v. Sucesion de Perez, 17 P.R.R. 894.

If the foregoing were not sufficient to sustain the validity of the Comunidad transactions as against appellant, it may be pointed out that various refectionary or crop loan contracts, executed by the manager on behalf of the Comunidad under authority of extensions of the communal agreement made after appellant became of full age, ratified and extended the original mortgage with the Bank.

An argument is made that the lien sought to be created by one of these refectionary contracts is invalid under the local law for lack of definiteness in the amount of the crop loan. It may be doubted whether this objection is now open to appellant. On the merits, the point is not well taken. Yabucoa Sugar Co. v. United Puerto Rican Bank, 42 P.R.R. 730, affirmed by this court, 1 Cir., 59 F.2d 492.

We deem it appropriate to enter a caveat with respect to a point of mortgage law suggested by the present record.

The foreclosure suit in the case at bar may be represented on principle, though in sharply simplified form, by taking a hypothetical case: A, a debtor, is required to give security for a loan of $30,000 from the bank. A executes a promissory note, payable to bearer on demand in the sum of $60,000, with interest at 8% per annum. As security for this note, he constitutes a mortgage on his realty, duly inscribed in the Registry of Property. He then assigns the note to the bank as collateral security for the $30,000 loan. A fails to repay the loan. The bank files suit to foreclose on the security—not on the land, be it observed, but on the note for $60,000 given as collateral security. The court decrees a public sale of the note to satisfy the $30,000 debt. Such was the nature of the decree appealed from in the instant case.

Now suppose the bank is the highest bidder at the sale with a bid of $25,000. Disregarding interest and other charges, the bid price will be applied to the satisfaction of the debt, and A will be subject to a deficiency judgment for $5,000.

However, at this point, the bank has not been made whole; it has not realized on the underlying security. In form, the old debt is gone, but the bank now stands as purchaser of the $60,000 note which it had previously held as collateral. May the bank now treat itself as a creditor with a $60,000 claim against A, secured by mortgage on the land? And may the land now be sold on a second foreclosure sale to satisfy the note for $60,000, plus accumulated interest, with a prospect of another deficiency judgment if less than $60,000 is realized upon such sale?

How the matter should be adjusted in detail need not be considered on the present appeal. Our affirmance of the original foreclosure decree must not, however, be taken as implying that the basic debt may, upon default, be inflated in the manner indicated. If such were the result, the security device here utilized would seem to operate oppressively upon the debtor and unfairly to junior creditors. Cf. Sucesores De Jose Maria Ortiz v. Royal Bank of Canada, 1 Cir., 68 F.2d 933.

The decree of the District Court is affirmed, with costs to the appellee.