## BENITEZ v. BANK OF NOVA SCOTIA.
### No. 3503.

Circuit Court of Appeals, First Circuit.

Jan. 30, 1942.

No appearance for appellant.

Walter L. Newsom, Jr., and Henri Brown, both of San Juan, P. R., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

This is an appeal from a deficiency judgment rendered May 9, 1939, by the United States District Court for Puerto Rico in a foreclosure suit brought by the Bank of Nova Scotia, appellee herein, a Canadian corporation having its principal office and domicile in Halifax, against Benitez Sugar Company, a Puerto Rican corporation, and various persons, including the present appellant, individually and as members of the Comunidad Jose J. Benitez e Hijos.

A final decree in this equity suit, dated August 22, 1938, adjudged that the Comunidad and the Sugar Company were jointly and severally indebted to the Bank in the principal sum of $673,569.82 with interest; that the members of the Comunidad were individually liable in proportion to their respective participations therein, that of the present appellant being a one-twelfth interest; that defendant members of the Comunidad, in proportion to their respective liabilities, and the defendant Benitez Sugar Company, must on or before September 1, 1938, pay to the Bank the said sum with interest, in default of which a special master was directed to sell at public auction certain specified securities consisting of mortgage notes, shares of stock and

assignments by way of guaranty. The decree also provided that in case the sale did not realize enough to pay the amounts due in full, "complainant shall be entitled to a deficiency judgment against the defendant Benitez Sugar Company and against the defendant members of the 'Comunidad' Jose J. Benitez e Hijos in proportion to their liability and responsibility, as specified herein, for any amounts remaining unsatisfied and shall be entitled to execution therefor."

A receiver having been appointed to take possession of all the property of the Benitez Sugar Company and the Comunidad, the district court on January 14, 1938, had entered an order granting leave to all other creditors of the corporation and the Comunidad to file bills of intervention in this proceeding or at their option to file proofs of claims with the receiver. Pursuant thereto, a number of creditors had intervened. The claims of these creditors were not disposed of by the foreclosure decree. There were pending also, and not disposed of by the foreclosure decree, two bills filed by the Bank of Nova Scotia in the nature of ancillary suits against the Benitez Sugar Company and the Comunidad for the foreclosure of certain mortgages on their respective real properties. These ancillary suits and the original equity suit with respect to the issues remaining undisposed of therein were consolidated by an order entered August 22, 1938, and the receivership was extended to the ancillary suits. On September 6, 1938, a so-called reorganization committee of creditors intervened in the consolidated cause and filed a plan of reorganization which was approved by the court for submission to creditors.

The amount found to be due the Bank by the foreclosure decree not having been paid, the foreclosure sale of the securities was duly held by the master on October 13, 1938. The securities were sold to the Bank, the only bidder at the sale, for $466,250. On October 24, 1938, a hearing was held on motion to confirm the master's sale. No opposition or objection was made at the hearing and the sale was duly confirmed by the court.

On April 22, 1939, the Bank moved for a deficiency judgment in the sum of $272,470.53. At the hearing on this motion, on April 28, 1939, no objection was made thereto by the appellant and on May 9, 1939, the deficiency judgment now appealed from was entered against the Benitez Sugar Company and the members[1] of the Comunidad, appellant's liability being fixed at $22,705.87 plus interest thereon. Subsequently appellant filed a petition to vacate the deficiency judgment, which petition was denied by order of the district court on June 30, 1939.

Appellant attempted to appeal from the foreclosure decree of August 22, 1938, but in Benitez v. Bank of Nova Scotia, 1 Cir., 1940, 109 F.2d 743, we held that the appeal failed because not brought within the statutory period. Consequently the matters adjudged by that decree have become res judicata as against the present appellant.

Since the sole party complainant in the original equity suit was a Canadian corporation not domiciled in Puerto Rico, the United States District Court for Puerto Rico had jurisdiction on the basis of the kind of diversity of citizenship described in § 41 of the Organic Act, 48 U.S.C. § 863, 48 U.S.C.A. § 863.[2] Sanfeliz v. Bank of Nova Scotia, 1 Cir., 1934, 74 F.2d 338. The foreclosure decree of August 22, 1938, being now binding on appellant, it is too late for her to urge that the original bill did not properly invoke the equity jurisdiction of the district court because there was an adequate remedy at law. The point, furthermore, is without merit. Sucesores de Jose Maria Ortiz v. Royal Bank of Canada, 1 Cir., 1934, 68 F.2d 933. See, also, Woods-Faulkner & Co. v. Michelson, 8 Cir., 1933, 63 F.2d 569; Fay v. Hill, 8 Cir., 1918, 249 F. 415, 418.

The deficiency judgment follows the terms of the foreclosure decree, which decree cannot now be reexamined. Appeal from the deficiency judgment does not bring up for review the propriety of various orders in the consolidated cause with reference to the ancillary suits against the

[1] With the exception of Gabriel Ferrer Otero, a citizen of the Republic of Spain, who had been served in the original equity suit by publication only.

[2] "Said district court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign State or States, or citizens of a State, Territory, or District of the United States not domiciled in Puerto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000 * * *."

Benitez Sugar Company and the Comunidad for foreclosure of certain real estate mortgages. Even though some of such orders were intermediate in point of time, they were not related to and did not lead up to the entry of the deficiency judgment now appealed from. Hawke v. Servicised Products Corp., 6 Cir., 1938, 95 F.2d 710, 711.

■ About one half the numerous assignments of error relate to orders by the district court rendered in the consolidated cause subsequent to the deficiency judgment, and hence not relevant to this appeal. Running through the other assignments is the assertion that all proceedings in the district court subsequent to the foreclosure decree of August 22, 1938, are invalid because the district court lost jurisdiction by the pendency of a perfected appeal from said decree. As we have previously stated, no timely appeal was taken and the foreclosure decree became res judicata. Even if the appeal had been perfected the effect would not have been as appellant supposes, no supersedeas having been granted.

■ It is contended further that Section 1771 of the Civil Code of Puerto Rico (1930 Ed.)[3] "expressly provides that if upon alienation of the pledge through public sale or auction, the creditor becomes the owner thereof, he shall be obligated to give a discharge for the full amount of his credit, so that even though the legal impediments hereinbefore set forth should not actually exist, the district court could not legally enter the deficiency judgment complained of." But this section of the Code refers only to extrajudicial sales before a notary, not to judicial sales. See Banco de Puerto Rico v. Arguinzoni, 1938, 53 D.P.R. 167. In Sucesores de Jose Maria Ortiz v. Royal Bank of Canada, 1 Cir., 1934, 68 F. 2d 933, this court upheld a deficiency judgment after the creditor had bought in at a foreclosure sale in an equity suit before the United States District Court for Puerto Rico.

On October 13, 1938, just prior to the hour set for the foreclosure sale under the equity decree of August 22, 1938, appellant filed in the district court her petition as a farmer-debtor for composition or extension under § 75 of the National Bankruptcy Act, 11 U.S.C.A. § 203. This petition was dismissed by the bankruptcy court on January 3, 1939, for want of jurisdiction. In Benitez v. Bank of Nova Scotia, 109 F. 2d 743, 747, this court affirmed the decree of dismissal, concluding that the district court was correct in its ruling that appellant was not a farmer within the meaning of the statute. Appellant applied for certiorari, which was granted, and since the proper disposition of the present appeal might be affected by the outcome of that case, we have delayed decision in the case at bar. Ultimately the Supreme Court reversed our judgment in the bankruptcy case, Carlota Benitez Sampayo v. Bank of Nova Scotia, 1941, 313 U.S. 270, 61 S.Ct. 953, 85 L.Ed. 1324, holding that we were in error in determining appellant's status as a "farmer" by the definition of that word in § 1(17) of the Bankruptcy Act as amended by the Chandler Act, 11 U.S.C.A. § 1(17), rather than by the earlier definition in § 75, sub. r. In consequence, upon reconsideration of that case on remand from the Supreme Court, we have decided that the district court's decree dismissing the farmer-debtor petition must be vacated and the case sent back to that court for further proceedings. Benitez v. Bank of Nova Scotia, No. 3487, 125 F.2d 523, decided by us this day.

■ The filing by appellant of her individual farmer-debtor petition under § 75 did not invalidate the foreclosure sale, pursuant to the equity decree of August 22, 1938, of the securities pledged by the Comunidad or partnership of which she was a member. See Benitez v. Bank of Nova Scotia, 1 Cir., 1940, 110 F.2d 169, and Benitez v. Bank of Nova Scotia, No. 3487, supra, decided by us this day. But if such petition was properly filed it operated, by virtue of subsections o and p of § 75, as a

---

[3] "A creditor to whom the debt has not been paid at the proper time may proceed, before a Notary, to alienate the pledge. This alienation must necessarily take place at public auction, and with the citation of the debtor and the owner of the pledge, in a proper case. If the pledge should not have been alienated at the first auction, a second one, with the same formalities, may be held; and should no result be obtained, the creditor may become the owner of the pledge. In such case he shall be obliged to give a discharge for the full amount of his credit."

stay of further proceedings outside the bankruptcy court directed against appellant individually with a view to obtaining a deficiency judgment against her.

Accordingly, we shall now vacate the deficiency judgment, so far as it imposes liability upon appellant, and remand the present case to the district court. If the district court should determine upon reconsideration of the bankruptcy case that appellant is not a "farmer" within the meaning of § 75, sub. r and hence not entitled to invoke the remedial provisions of § 75, then that court will reenter the deficiency judgment against appellant. If, however, the determination is that the farmer-debtor petition was properly filed, then the deficiency judgment will stand vacated as to this appellant.

The judgment of the District Court is vacated and the case is remanded to that court for further proceedings in conformity with this opinion.