Petition of CAPO.

No. 3834.

Circuit Court of Appeals, First Circuit.

Nov. 27, 1942.

Francisco Capo Pagan, of Ponce, P. R., pro se.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

We have before us a petition for leave to file a petition for writs of prohibition and mandamus directed to the District Court of the United States for Puerto Rico. What petitioner seeks to obtain are (1) a writ of prohibition forbidding the District Court from proceeding further under its order dated October 29, 1942, ordering petitioner to show cause why he should not be disciplined as an officer of the said court, and (2) a writ of mandamus commanding the District Court to vacate the said order.

The petition, with exhibits annexed, is a voluminous document, and contains much irrelevant material. It boils down to a simple point, so far as the present application is concerned.

The challenged order of October 29, 1942, was issued by the Honorable A. Cecil Snyder, one of the judges of the Supreme Court of Puerto Rico, in his capacity as acting judge of the District Court of the United States for Puerto Rico. It is asserted that this order is null and void because Justice Snyder had received no valid designation from the President of the United States to serve as acting judge, under the provisions of § 41 of the Organic Act of Puerto Rico, as amended, 52 Stat. 118–119, 48 U.S.C.A. § 863. Section 41 provides:

"* * * In case of vacancy or of the death, absence, or other legal disability on the part of the judge of the said District Court of the United States for Puerto Rico, the President of the United States is authorized to designate one of the judges of the Supreme Court of Puerto Rico to discharge the duties of judge of said court until such absence or disability shall be removed, and thereupon such judge so designated for said service shall be fully authorized and empowered to perform the duties of said office during such absence or disability of such regular judge, and to sign all necessary papers and records as the acting judge of said court without extra compensation."

On March 6, 1942 the President issued the following executive order, No. 9092 (7 Fed.Reg. 1780):

"Executive Order

"Designating the Honorable A. Cecil Snyder as Acting Judge of the District Court of the United States for Puerto Rico.

"By virtue of the authority vested in me by section 41 of the act entitled 'An Act to provide a civil government for Puerto Rico, and for other purposes', approved

March 2, 1917, as amended by section 2 of the act of March 26, 1938, 52 Stat. 118 (U.S.C., title 48, sec. 863), I hereby designate and authorize the Honorable A. Cecil Snyder, Associate Justice of the Supreme Court of Puerto Rico, to perform and discharge the duties of Judge of the District Court of the United States for Puerto Rico and to sign all necessary papers and records as Acting Judge of the said Court, without extra compensation, during the absence, illness, or other legal disability of the Judge thereof during the current calendar year.

"Franklin D. Roosevelt

"The White House,
March 6, 1942."

On September 9, 1942, the Honorable Robert A. Cooper, the regular judge of the District Court, left Puerto Rico for continental United States on a vacation. In his absence Justice Snyder proceeded to act as district judge under the foregoing designation by the President, and in such capacity he issued the order of October 29, 1942, now in question.

It will be noted that the President's executive order designates Justice Snyder to act as district judge "during the current calendar year" whenever appropriate occasion may arise due to the absence, illness or other legal disability of the regular judge.

Petitioner's argument is that on March 6, 1942, the date of the President's executive order so designating Justice Snyder, there existed no occasion for the designation of an acting judge, because the regular judge at that time was in Puerto Rico and functioning as such; that under § 41 of the Organic Act the President can designate an acting judge only when there is presently existing one of the conditions precedent, such as death, absence, or other disability on the part of the regular judge.

■■ We think this is an unreasonably narrow interpretation of the President's power under the Organic Act. In view of the President's burdensome and multifarious duties, the delay likely to ensue if it were necessary to obtain an executive order from the White House each time the occasion arose in Puerto Rico, the possible failure of justice that might result from lack of a judge qualified to act, the obviously sensible thing is for the President to make advance provision, as he did, to meet the statutory contingencies as they might arise.

A judge so designated can act only upon the happening of one of the named contingencies, and only "until such absence or disability [of the regular judge] shall be removed." Cf. Ex·parte Tsuie Shee, D.C. 1914, 218 F. 256, 257.

The petition is denied.