**BENITEZ v. BANK OF NOVA SCOTIA.**

No. 3936.

Circuit Court of Appeals, First Circuit.

March 29, 1944.

Carlota Benitz Sampayo, pro se.

Henri Brown, of San Juan, P. R., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

This is an appeal from a deficiency judgment re-entered November 10, 1942, by the United States District Court for Puerto Rico in a foreclosure suit brought by The Bank of Nova Scotia against Benitez Sugar Company and various persons, including the present appellant, individually and as members of the Comunidad Jose J. Benitez e Hijos. The deficiency judgment had originally been rendered May 9, 1939, and on appeal therefrom this court overruled all of appellant's objections to the judgment, save one. Benitez v. Bank of Nova Scotia, 1 Cir., 1942, 125 F.2d 519 certiorari denied, 317 U.S. 624, 63 S.Ct. 31, 87 L.Ed. 505; Id., 317 U.S. 708, 63 S.Ct. 153, 87 L.Ed. 565. The following quotation from our opinion (125 F.2d at pages 522, 523) sets forth the narrow ground upon which we vacated the deficiency judgment and indicates the scope of our mandate to the District Court in reference to the further proceedings to be held upon remand:

"On October 13, 1938, just prior to the hour set for the foreclosure sale under the equity decree of August 22, 1938, appellant filed in the district court her petition as a farmer-debtor for composition or extension under § 75 of the National Bankruptcy Act, 11 U.S.C.A. § 203. This petition was dismissed by the bankruptcy court on January 3, 1939, for want of jurisdiction. In Benitez v. Bank of Nova Scotia, 109 F.2d 743, 747, this court affirmed the decree of dismissal, concluding that the district court was correct in its ruling that appellant was not a farmer within the meaning of the statute. Appellant applied for certiorari, which was granted, and since the proper disposition of the present appeal might be affected by the outcome of that case, we have delayed decision in the case at bar. Ultimately the Supreme Court reversed our judgment in the bankruptcy case, Carlota Benitez Sampayo v. Bank of Nova Scotia, 1941, 313 U.S. 270, 61 S.Ct. 953, 85 L.Ed. 1324, holding that we were in error in determining appellant's status as a 'farmer' by the definition of that word in § 1(17) of the Bankruptcy Act as amended by the Chandler Act, 11 U.S.C.A. § 1 (17), rather than by the earlier definition in § 75, sub. r. In consequence, upon reconsideration of that case on remand from the Supreme Court, we have decided that the district court's decree dismissing the farmer-debtor petition must be vacated and the case sent back to that court for further proceedings. Benitez v. Bank of Nova Scotia, No. 3487, 125 F.2d 523, decided by us this day.

"The filing by appellant of her individual farmer-debtor petition under § 75 did not invalidate the foreclosure sale, pursuant to the equity decree of August 22, 1938, of the securities pledged by the Comunidad or partnership of which she was a member. See Benitez v. Bank of Nova Scotia, 1 Cir., 1940, 110 F.2d 169, and Benitez v. Bank of Nova Scotia, No. 3487, supra, decided by us this day. But if such petition was properly filed it operated, by virtue of subsections o and p of § 75, as a stay of further proceedings outside the bankruptcy court directed against appellant individually with a view to obtaining a deficiency judgment against her.

"Accordingly, we shall now vacate the deficiency judgment, so far as it imposes liability upon appellant, and remand the present case to the district court. If the district court should determine upon reconsideration of the bankruptcy case that appellant is not a 'farmer' within the meaning of § 75, sub. r, and hence not entitled to invoke the remedial provisions of § 75, then that court will reenter the deficiency judgment against appellant. If, however, the determination is that the farmer-debtor petition was properly filed, then the deficiency judgment will stand vacated as to this appellant."

Appellant was not satisfied with the terms of our mandate to the District Court directing further proceedings in the farmer-debtor bankruptcy case referred to in the above quotation, Benitez v. Bank of Nova Scotia, 1942, 125 F.2d 523, and applied for certiorari, which was denied, 316 U.S. 702, 62 S.Ct. 1308, 86 L.Ed. 1770, rehearing denied, 317 U.S. 706, 63 S.Ct. 24, 87 L.Ed. 563. Pursuant to our mandate, appellant's farmer-debtor petition came on for further consideration by the District Court, and on October 29, 1942, that court made findings of fact and conclusions of law and entered a decree dismissing the petition on the ground that appellant was not a "farmer" within the meaning of subsection r of § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. r, and that the court therefore had no jurisdiction to entertain the petition. Thereafter, on November 10, 1942, the District Court re-entered the deficiency judgment which is the basis of the

present appeal. It would appear, therefore, that the District Court did on remand precisely what our mandate on the previous appeal of the present case required it to do, no more no less. See Aspen Mining & Smelting Co. v. Billings, 1893, 150 U.S. 31, 37, 38, 14 S.Ct. 4, 37 L.Ed. 986.

To escape this conclusion, appellant seeks to attack collaterally the decree of the District Court of October 29, 1942, dismissing the farmer-debtor petition, on the ground that the judge acting in the matter had no authority to hear and dispose of the case and that the decree was therefore coram non judice and void.

There is no merit to this contention. After our mandate went down in the farmer-debtor bankruptcy case an order was entered by Honorable Robert A. Cooper, the regular district judge, setting the case down for further hearing. Appellant filed an affidavit of prejudice. Judge Cooper took no formal action thereon. On September 9, 1942, Judge Cooper left Puerto Rico for a vacation in continental United States. The further proceedings in the farmer-debtor case therefore came on to be heard before the Honorable A. Cecil Snyder, a judge of the Supreme Court of Puerto Rico, who had been designated by the President of the United States to serve as acting judge in the District Court of the United States for Puerto Rico in accordance with the provision of § 41 of the Organic Act, 39 Stat. 966, 48 U.S.C.A. § 863, reading as follows:

"In case of vacancy or of the death, absence, or other legal disability on the part of the judge of the said District Court of the United States for Puerto Rico, the President of the United States is authorized to designate one of the judges of the Supreme Court of Puerto Rico to discharge the duties of judge of said court until such absence or disability shall be removed, and thereupon such judge so designated for said service shall be fully authorized and empowered to perform the duties of said office during such absence or disability of such regular judge, and to sign all necessary papers and records as the acting judge of said court without extra compensation."

Judge Snyder, as such acting judge, entered the decree of October 29, 1942, dismissing the farmer-debtor petition.

■ The contention of appellant that the executive order of the President so designating Judge Snyder was void and conferred no power on him to function as acting judge in the District Court is sufficiently answered in our opinion in Petition of Capo, 1942, 131 F.2d 531.

■ It is further argued that when the affidavit of prejudice was filed Judge Cooper should have followed the procedure indicated in §§ 20 and 21 of the Judicial Code, 28 U.S.C.A. §§ 24, 25, that is, he should have caused the fact of his disqualification to be entered on the records of the court and ordered that an authenticated copy thereof should forthwith be certified to the senior circuit judge of the First Circuit, whose duty it would then become to designate another district judge from the circuit to go down to Puerto Rico to hear the case. But the Judicial Code and the Organic Act contain overlapping provisions for the designation of a substitute judge in the District Court of the United States for Puerto Rico in case the regular judge is absent or disqualified. It would be an absurd result if upon the filing of an affidavit of prejudice the senior circuit judge had to designate a district judge from Maine, New Hampshire, Massachusetts or Rhode Island to hold court in Puerto Rico when there is already available in Puerto Rico an acting judge fully empowered to sit by designation of the President of the United States under § 41 of the Organic Act. No such interpretation of the law is called for. The situation is analogous to that presented where an affidavit of prejudice is filed against a district judge in a district having more than one district judge. In such a case the judge against whom the affidavit is filed withdraws, and the proceedings come on for hearing before another judge of the district without the necessary intervention of the senior circuit judge. See §§ 21 and 23 of the Judicial Code, 28 U.S.C.A. §§ 25, 27. Judge Snyder, as acting judge of the District Court, was fully qualified to conduct the further hearing on appellant's farmer-debtor petition and to enter the decree of October 29, 1942, dismissing the same.

Appellant took an appeal to this court from the said decree of October 29, 1942. The decree was not challenged on the merits, as to the ruling that appellant was not a "farmer" within the meaning of § 75, sub. r, but only on the ground that the decree was coram non judice. On May 24, 1943, we entered the following order in the

case: "Upon motion, Leave is hereby granted appellant herein to file typewritten copies of the transcripts of record on or before August 16, 1943, provided such copies may be prepared without withdrawal of the original transcripts of record. Otherwise the deposit for printing such transcripts of record must be made by July 1, 1943". Appellant did not make the deposit for printing on or before July 1, 1943, or at any time. Appellant did not file typewritten copies of the transcript of record on or before August 16, 1943. Nor did appellant, within that time, apply to this court for a further extension. On August 17, 1943, we entered an order dismissing the appeal for want of diligent prosecution. On December 17, 1943, our mandate in the case was issued, the time having elapsed for applying for a writ of certiorari. That was the end of the appeal from the decree of October 29, 1942, dismissing appellant's farmer-debtor petition.

In view of the foregoing the present appeal must necessarily fail. The deficiency judgment of November 10, 1942, was duly entered by the District Court in strict and literal compliance with our mandate on the earlier appeal.

The judgment of the District Court is affirmed, with costs to the appellee.